60 So.2d 158 (1952)
TUGGLE
v.
MADDOX.
Supreme Court of Florida, Division A.
July 25, 1952.
O.B. White, E.S. Corlett, III, and John R. Tatum, Miami, for appellant.
George C. McCaughan, Miami, for appellee.
THOMAS, Justice.
Appellant and appellee were married many years ago and to the union a boy, now seventeen, was born. When the marriage had lasted about seven years the appellant obtained a divorce, apparently on the ground of desertion, and was awarded the custody of the child. As time passed the appellee made but one contribution in money to the support of the boy, so the burden fell upon the appellant. In this action she seeks as damages the expense to which she has been put.
Much of the briefs is devoted to the fundamental question whether one may recover in such circumstances, but we do not presently feel obligated to decide it because of the irregular procedure followed in the trial court in arriving at the judgment.
At the time of decision the amendments to Common Law Rules effective June 1, 1952 did not apply. Original rule No. 13, 30 F.S.A. provided that a pleader could assert certain defenses by responsive pleading or by motion to dismiss. One of these was "failure to state a claim * * upon which relief [could] be granted". It also provided that upon motion to strike the court could order "any redundant, immaterial, impertinent, or scandalous matter" stricken, or that the court could eliminate such matter of its own initiative.
In the present case no motion to dismiss was ever presented. Instead the appellee moved to strike, severally, three of the four paragraphs of the complaint, containing all its allegations save statements relative to the marriage, divorce, and birth. The ground upon which the movant relied was the immateriality and irrelevancy of the contents. As to the first two parts the pleader elaborated by adding the words: "as it affirmatively appears that the statute of limitations has run on the claim set forth therein."
When the motion to strike reached the judge he dismissed the cause for three reasons. The first was the pendency of "an action in equity to require the defendant *159 to support their minor child * * *." This is the only place in the record where such a suit is mentioned. From this brief description of it by the court it sounds as if the chancery decree sought was the establishment of sums to be paid in the future as contrasted with the relief here of judgment for moneys already spent by appellee without regard to any allowances ever having been fixed by any court. So it is not patent that the chancery decree if awarded would adjudicate what is attempted to be decided in this case. We make this observation regardless of the propriety of the judge's having raised the matter ex mero motu, no mention of its having appeared in the motion to strike.
Another reason for considering the motion to strike as one to dismiss or in dismissing the cause on his own account, was the affirmative appearance that the claim was barred by the statute of limitations. This was a ground of the motion to strike but was not authorized as such by the rule. On the contrary it is specifically provided that the statute of limitations, when relied upon as a defense, shall be set forth affirmatively. Rule 9(d). This method was purposely adopted to obviate the necessity of the initial pleader's setting forth that the statute had been waived or tolled and to dispel any existing uncertainty in the law on the subject. If the statute is affirmatively pleaded and such waiver or tolling is considered by the plaintiff to have counteracted its effect he may present the matter by a reply under rule 8(a). Of course, being an affirmative defense, the defendant may waive the statute by ignoring it.
The final reason for dismissing was the failure of the plaintiff to state a cause of action. Such a defect was a proper ground for motion to dismiss. It was not even mentioned in the motion appellees chose to file and was not thus presentable, anyway.
We do not wish to appear hypertechnical or to beg the question that must ultimately be decided in this controversy, but we think it should be determined in the first instance by the trial court after proper presentation and consideration.
The appellant has posed only one question here, namely, the correctness of the court's dismissal "Of Its Own Motion and Without Leave To Amend * * *" on the three grounds we have stated. We feel bound to agree that error was committed, so the final order is 
Reversed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.