360 So.2d 109 (1978)
In re ESTATE OF Alek G. LUNGA, Deceased.
Robert S. KORSCHUN, Mallory H. Horton and Samuel J. Hannon, Appellants,
v.
Robert A. KOPPEN, the Personal Representative of the Estate of Alek G. Lunga, Deceased, Appellee.
No. 77-1579.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 20, 1978.
*110 Robert S. Korschun, Miami, for appellants.
Koppen & Watkins, Miami, for appellee.
Before HUBBART and KEHOE, JJ., and PARKER, J. GWYNN (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by attorneys for a decedent's estate from an order of the Probate Division of the Dade County Circuit Court which denied their motions for the payment of interest on fees previously awarded them. The issue presented[1] is novel to the courts of this state: Whether Section 55.03 Florida Statutes [1975] requires and directs a court to allow interest on attorneys' fees awarded for services rendered a decedent's estate regardless of the present ability of the estate to disburse funds at the time of the award. Because we do not believe that orders awarding attorneys' fees in probate actions are necessarily "judgments or decrees" within the contemplation of the statute, we affirm the ruling of the probate court.
Substantial attorneys' fees were awarded to appellants by the Probate Court on three different dates, for services they performed in protracted probate proceedings.[2] These amounts were not disbursed until the estate achieved sufficient liquidity to pay them, a point in time shortly before the rendition of the order contested herein. This order stated: (1) that when the awards were made there were no cash funds in the estate to *111 pay the fees, and this was the reason no date was set in the order for the payment of the amounts; (2) that the orders did not require the sale of estate assets to pay them; (3) that the court did not contemplate allowance of interest at the time the awards were made; (4) that no request was made by the attorneys at the time they petitioned the court for their fees for either immediate payment or allowance of interest; and (5) that payments were made within a reasonable time from the date of the sale of the estate's assets.
Appellants take the position that Section 55.03 leaves no discretion to the court; accrual of interest is automatic and, on demand, they are entitled to interest from the date of the awards to the date of payment at the rate of six percent. Appellee contends that the orders filed in this case do not rise to the status of "judgments" so that Section 55.03 would apply.
Since the allowance of interest on judgment is statutory, "the permissibility of allowing interest on a judgment or decree of a Probate Court ... must be found in statutory language relating to interest on judgments or other judicial determinations which are broad enough to include actions of this nature by a court having probate jurisdiction." (Emphasis supplied.) Annot., 54 A.L.R.2d 814 (1957). Only if the probate award can be considered as a judgment within the meaning of the statute permitting interest on judgments is allowance of interest proper. Thus the crucial issue is whether the initial orders granting attorneys' fees constitute "judgments or decrees" within the contemplation of Section 55.03.
Section 55.03 provides, in pertinent part: "All judgments and decrees bear interest at the rate of six per cent a year... ." The statute embraces pronouncements by a court entitling the party in whose favor they are rendered to do all things necessary and appropriate to effectuate compliance with the terms of the decrees. A judgment is commonly an order which will support a writ of execution, as for example, the levying on the assets of a judgment debtor.
By its terms, the Florida Probate Code prohibits execution on estate assets except on order of the court in probate proceedings. Section 733.706, Florida Statutes (1977). Moreover, Section 733.707, Florida Statutes (1977), providing for the order of payment of expenses and obligations of estates, appears to contemplate attorneys' fees, in the probate context, as a special category of obligation.
Since probate orders granting attorneys' fees, although final from the standpoint of appealability, do not possess the characteristics of a judgment entitling a party in whose favor they are rendered to levy execution, they are not judgments or decrees which fall within the parameters of Section 55.03. See In re Bielenberg's Estate, 98 Mont. 546, 40 P.2d 49 (1935). Cases dealing with other areas of the law cited to us by appellants are inapposite.
It is often the case that there are no ready cash funds to pay attorneys in compliance with fee awards. Yet the court has the duty and responsibility to rule on petitions for fees promptly, and should not wait until cash assets are available. Payment may not be possible for months or even years, in some circumstances. The purpose of the probate process, to provide for the orderly administration of estates, would tend to be frustrated if interest were permitted to accrue from the time an order awarding attorneys' fees is rendered until the time the funds are available to a nonliquid estate to pay the sums ordered.
We hold that "orders" directing payment of attorneys' fees entered in probate proceedings such as the case before us, are not "judgments or decrees" as contemplated in Section 55.03, and therefore do not automatically draw interest from date of rendition to date of compliance. We do not hold that there can never be any situation wherein an interest award would be proper and justifiable. For example, where payment is improperly and arbitrarily withheld when there are ample cash assets in the estate to make payment, the probate judge *112 has the discretion to allow or disallow interest on payments awarded as attorneys' fees. The trial judge did not abuse his discretion in this cause, and Section 55.03 does not mandate allowance of interest on the facts before us. Accordingly, the order appealed from is affirmed.
Affirmed.
NOTES
[1] Appellants raised an additional issue as to the jurisdiction of the court to enter the order in question, but we deem this argument to be without merit, and decline to reach it.
[2] October 24, 1974, appellants Horton and Hannon awarded $45,000; September 19, 1975, appellant Korschun awarded $10,000; November 17, 1976, Korschun awarded an additional $5,000.