392 So.2d 924 (1980)
Marilyn M. HOOD, Appellant,
v.
Arthur F. HOOD, Appellee.
No. 80-266.
District Court of Appeal of Florida, Second District.
December 3, 1980.
Rehearing Denied January 23, 1981.
*925 Ben W. Thompson of Larkin & Larkin, Dade City, for appellant.
Leonard J. Holton, Dade City, for appellee.
BOARDMAN, Acting Chief Judge.
Marilyn M. Hood (wife), defendant/cross-claimant in the trial court, appeals a final judgment ruling that her claim for half the amounts collected by appellee/defendant/cross-defendant Arthur F. Hood (husband) under a note and mortgage, except for the final payment, was barred by the statute of limitations. We reverse.
On August 21, 1973, husband and wife sold their joint interest in certain realty to Cole and Jean Skinner[1] and took back a note and mortgage. Husband and wife were subsequently divorced on May 17, 1976. At the time of the dissolution of the parties' marriage, they jointly owned a number of parcels of real estate. The final judgment of dissolution, pursuant to stipulation, awarded wife the marital home, but awarded husband the remaining jointly owned real property described therein. The note and mortgage in question were not specifically mentioned in the final judgment, although numerous other items of personal property were specifically disposed of. The judgment did, however, award all property not specifically mentioned titled solely in the name of one of the parties to that party.
The note and mortgage provided for monthly payments of $676.16. All payments other than the final check, being held in escrow at the time of trial, were made payable to husband and were placed in his separate checking account.
On February 20, 1979, the Skinners elected to prepay the balance due on the mortgage and note, notified husband and wife of their intention, and tendered the balance due at that time. Being unable to secure the execution of a satisfaction by wife, the Skinners sued husband and wife for cancellation of the note and mortgage upon payment of the unpaid principal and interest, Wife filed an answer and cross-claim against husband seeking half of the proceeds from the note and mortgage. Husband filed an answer to the cross-claim and a cross-claim against wife alleging an oral agreement prior to the dissolution of their marriage to transfer and assign to him her rights under the note and mortgage and further asserting the defense of laches.
After hearing, the trial court entered final judgment ruling that wife's claim was barred by the statute of limitations except for the final payment. This appeal followed timely.
It is clear that the statute of limitations does not bar wife's claim. Section 95.11(2)(b), Florida Statutes (1977) provides that a legal or equitable action on a contract obligation or liability founded on a written instrument must be commenced within five years from the accrual of a cause of action. Continental Casualty Co. v. Florida Power & Light Co., 222 So.2d 58 (Fla.3d DCA 1969). Since there is no indication *926 that payments were not current as of the date of dissolution of the parties' marriage, May 25, 1976, no cause of action on behalf of wife for lack of payment existed as of that date. Thus, the limitation period would not expire until May, 1981.
Furthermore, the statute of limitations is an affirmative defense. Fla.R. Civ.P. 1.110(d). The defendant is required to affirmatively plead it and, if he fails to do so, he has waived it and is estopped from using it as a defense. Aboandandolo v. Vonella, 88 So.2d 282 (Fla. 1956); Tuggle v. Maddox, 60 So.2d 158 (Fla. 1952). Husband's pleadings do not raise the statute of limitations as a defense.
We are not aware of any other basis upon which the judgment below can be upheld. The trial court apparently found against husband on his claim of an oral agreement or it would have ruled that wife was not entitled to any payment. Similarly, we must conclude that the trial court did not believe that wife was guilty of laches or he would not have found that she was entitled to half of the final payment. Laches is a bar to maintenance of suit. Norton v. Jones, 83 Fla. 81, 90 So. 854 (1922). Thus, wife should have been awarded the full amount of her claim or, if the doctrine of laches was applicable, nothing.
Inasmuch as the judgment appealed is in error and cannot be affirmed under any legal or equitable theory, the judgment is REVERSED and the cause REMANDED with directions to award wife one half of the amount collected by husband under the note and mortgage from the date of dissolution of the parties' marriage.
CAMPBELL, J., concurs.
OTT, J., dissents.
NOTES
[1] The Skinners are not parties to this appeal.