417 So.2d 728 (1982)
Marton B. GROSSMAN and Leopold Cohen, Appellants,
v.
Emma J. SELEWACZ, Individually and As Personal Representative of the Estate of William Selewacz, Deceased, Appellee.
No. 81-1861.
District Court of Appeal of Florida, Fourth District.
July 14, 1982.
Rehearing Denied August 23, 1982.
*729 Victor K. Rones and M. Mark Margulies, P.A., North Miami Beach, for appellants.
Edward J. Marko of Marko, Stephany & Lyons, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellants, Grossman and Cohen, sued appellee, Ellen J. Selewacz, individually and as personal representative of the Estate of William Selewacz, deceased, seeking a declaration of their rights under an option agreement with the decedent.
Appellants' complaint alleges that they entered into an agreement with William Selewacz, the decedent, to purchase 20,400 shares of common stock in a named corporation at a price of ten cents per share. The option could be exercised by appellants if the corporation made a profit of $100,000 or more at any time within two years after commencement of operations. The option was to lapse if the corporation's profit did not amount to at least $100,000 in the first two years of operation.
William Selewacz died and thereafter the appellee notified appellants that individually *730 and in her capacity as personal representative of her deceased husband's estate she was withdrawing the "offer" contained in the above mentioned option agreement. That letter precipitated this suit for declaratory relief to determine appellants' rights under the agreement.
The complaint alleges the agreement between appellants and William Selewacz; that William Selewacz was deceased; and that appellee was appointed personal representative of William's estate. It is further alleged that, although the option period does not expire until 1985, appellee, individually and as personal representative, has attempted to unilaterally terminate the contract. The appellee, in her dual capacity, moved to dismiss the complaint on grounds that 1) she was not a party to the agreement; 2) the court lacked jurisdiction; and 3) the claim is barred by the statute of non-claim. The trial court granted the motion to dismiss with leave to amend; however, appellants declined to amend.
The first point presented is that the trial court erred in granting the motion to dismiss for lack of jurisdiction because the complaint was filed in the civil division of the circuit court rather than the probate division. The order granting the motion to dismiss is silent as to the ground therefor. However, if the dismissal was based upon lack of jurisdiction because the suit was filed in the civil division instead of the probate division, the order would be erroneous. In re Guardianship of Bentley, 342 So.2d 1045 (Fla. 4th DCA 1977). There we pointed out that, while the circuit court is divided into divisions for efficiency in administration, all judges of the circuit court exercise the court's jurisdiction, and cases filed in the wrong division should be transferred to the proper division. In any event, this being a suit for declaratory relief, it was properly filed in the civil division. There appellee could plead the statute of non-claim as a bar just as any other defendant might plead a statute of limitation.
In their second point appellants contend the trial court erred in granting the motion to dismiss based upon Section 733.702, the statute of non-claim, because said statute should have been pleaded as an affirmative defense rather than as a ground for a motion to dismiss. Unquestionably, defenses of this nature must be pleaded affirmatively unless they appear on the face of the complaint. See, e.g., Stern v. First National Bank of South Miami, 275 So.2d 58 (Fla. 3d DCA 1973). However, appellee argues that this pleading requirement was waived in this case because counsel for appellants conceded in the trial court that the time for filing claims has long since passed. We observe also that the pleading requirement was not raised by appellants in the trial court. Thus, we hold that the trial court was entitled to consider whether appellants' claim remained viable since no claim had been filed in the proceeding probating the Estate of William Selewacz, deceased.
This brings us to appellants' primary point that the trial court erred in dismissing appellants' complaint on the ground that the claim was barred by the statute of non-claim, Section 733.702, Florida Statutes (1979).
Appellants contend that the non-claim statute does not apply to their demand for the stock because the stock they seek is specifically identifiable property; and one who asserts a claim to specifically identifiable property from an estate need not file a claim therefor. As support for their position appellants cite numerous cases in which a demand for specific property has been held to be outside the scope of the non-claim statute. What appellants fail to realize is that the basis for the rule regarding specifically identifiable property being exempt from operation of the non-claim statute is that the person demanding the property must allege facts which show that he holds equitable title to the specifically identifiable property and thus that property does not constitute part of the decedent's estate. Fisher v. Creamer, 332 So.2d 50 (Fla. 3d DCA 1976), cert. dismissed 336 So.2d 600 (Fla. 1976).
*731 The complaint in this case alleges that appellants are owners of an option to purchase a certain number of shares in a corporation if certain events come to pass. Having a mere option, the appellants allege no interest, legal or equitable, in the property in question. Wolfle v. Daugherty, 103 Fla. 432, 137 So. 717 (1931); Matthews v. Kingsley, 100 So.2d 445; 33 Fla.Jur., Vendor and Purchaser, § 16. Furthermore, an option to purchase 20,400 shares in a corporation is not an option to buy specific identifiable property. Accordingly, appellants' claim under the option contract is not one exempt from the purview of Section 733.702, Florida Statutes (1979), and appellants' failure to file a claim before the statute of non-claim has run renders the claim unenforceable.
In view of the foregoing, we conclude the order dismissing appellants' complaint with prejudice upon their failure to amend was correct, and that order is hereby affirmed.
AFFIRMED.
ANSTEAD and BERANEK, JJ., concur.