433 So.2d 1358 (1983)
In re ESTATE OF George PETERSON, Deceased.
George PETERSON, III, As Personal Representative, Appellant,
v.
Drew N. BARRINGER and Judith M. Barringer, As Co-Personal Representatives of the Estate of Alberta Newcombe Peterson, Deceased, Appellees.
No. 82-2219.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
*1359 Mary Copeland of Copeland & Chambliss, P.A., Fort Lauderdale, for appellant.
Rohan Kelley of Rohan Kelley, P.A., Fort Lauderdale, for appellees.
HERSEY, Judge.
This appeal from an order in the probate division denying a motion to strike an untimely claim filed against a decedent's estate presents the issue of whether one of the exceptions to the non-claims statute, Section 733.702, Florida Statutes (1981), preserves the claim involved in these probate proceedings.
George Peterson was appointed personal representative of his deceased wife's estate and in that fiduciary capacity failed to file the required estate tax returns.
Upon the subsequent death of George, the heirs and successor personal representatives of the wife's estate filed a claim in George's estate alleging liability in the amount of $35,000 as a result of George's breach of fiduciary duty in failing to file the estate tax returns. The claim was filed beyond the period of non-claims, but a motion to strike the claim was nonetheless denied, resulting in this appeal.
It is appellees' position that the claim in question falls within the trust or estoppel exception to the non-claims statute.
The "trust" exception refers to a situation where at the time of death the decedent held bare legal title to property, the equitable title or beneficial ownership having become vested in another who now claims the property adverse to the estate. Fisher v. Creamer, 332 So.2d 50 (Fla. 3d DCA), cert. dismissed, 336 So.2d 600 (Fla. 1976) (interpreting predecessor statute); Stern v. Morris, 380 So.2d 1048 (Fla. 3d DCA 1980); Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982). Obviously, this exception affords no comfort to appellees' position. Nothing in the record suggests the existence of a trust relationship or grounds to support the imposition of a trust.
The second exception, based upon estoppel, similarly has no application here. A possible basis for permitting such an exception, discussed by this court in North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967), was disapproved in Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota, 361 So.2d 156, 159 (Fla. 1978). Under the test established by Rinker there must, as a minimum, be some form of affirmative deception involved before the doctrine of equitable estoppel may be invoked. Id. There is no hint of active or affirmative deception here.
*1360 The public policy underlying enactment of non-claims statutes is explained by our Supreme Court in In re Estate of Brown, 117 So.2d 478, 480 (Fla. 1960), in the following language:
Public policy requires that estates of decedents be speedily and finally determined. It is pursuant to this policy that statutes of non-claim have been enacted by the Legislature. It is not the purpose of the probate act to unreasonably restrict the rights of creditors, but the object of the act is to expedite and facilitate the settlement of estates in the interest of the public welfare and for the benefit of those interested in decedents' estates.
Implementation of this policy may at times, as here, produce a somewhat harsh result but the policy is sound and worthy of preservation.
Finding that no exception to the application of Section 733.702, Florida Statutes (1981), has been demonstrated in the record on appeal, we reverse and remand with instructions to grant the motion to strike appellees' claim.
REVERSED and REMANDED WITH INSTRUCTIONS.
HURLEY and DELL, JJ., concur.