443 So.2d 136 (1983)
HARBOUR HOUSE PROPERTIES, INC., Appellant,
v.
ESTATE OF Pearl G. STONE, Appellee.
No. 83-877.
District Court of Appeal of Florida, Third District.
December 6, 1983.
Rehearing Denied January 16, 1984.
*137 Kahn & Gutter and Jeffrey D. Michelson, Fort Lauderdale, for appellant.
Bailey & Dawes and Jesse C. Jones, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The question presented on appeal is whether the creditor made a sufficient showing of the elements of estoppel against the personal representative of an estate so as to excuse the creditor from the requirement of filing a timely claim against the estate.
During her life the decedent leased an apartment from Harbour House. She died on January 11, 1982, before the expiration of a substantial term of the lease. Notice of administration was commenced on February 25, 1982. After the personal representative was appointed, he brought the monthly rental payments to Harbour House current and continued to pay the rent as it accrued. Before the time for filing a claim against the estate, as required by section 733.702(1)(a), Florida Statutes (1981) had expired, the personal representative and Harbour House entered into an agreement. Harbour House agreed, for a stated consideration, to find a successor tenant. A preamble to that written agreement expressly provided:
WHEREAS, the Landlord and Tenant agree that the Tenant still has the right, duty and obligation both to abide by the Original Lease and to submit an acceptable application to the Landlord in connection with the reletting of the Apartment and (emphasis supplied)
When the statutorily prescribed period for the presentation of a proper claim had expired, the personal representative ceased paying the rent as it accrued. It was then that the creditor filed a claim against the estate, in response to which the personal representative filed a motion to strike, asserting the claim was filed untimely. When the motion to strike came to be heard, the creditor argued that the personal representative had lulled him into a false sense of security and should therefore be estopped to claim a bar under the nonclaims statute. The probate judge permitted the creditor to file a response to the motion to strike. This motion attached a copy of the reletting agreement and recited the essential facts set forth above as a basis for permitting the late-filed claim against the estate. Ultimately, without an evidentiary hearing, the trial court granted the personal representative's motion to strike, which precipitated this appeal.
It is obvious that the creditor's attorney was somewhat confused about the niceties of how to proceed properly in protecting his client. However, with the facts presented to the trial court, that became wholly irrelevant. Section 733.702, Florida Statutes (1981) and its predecessors are not nonclaims statutes but guidelines for judicial procedure which may be relaxed in the sound discretion of the probate court for good cause shown. See In re Jeffries' Estate, 136 Fla. 410, 181 So. 833 (1938). In Davis v. Evans, 132 So.2d 476, 482 (Fla. 1st DCA 1961), that court acknowledged that circumstances may exist which will excuse a creditor from the apparently absolute bar on the face of the statute. That is the principle which governs disposition of the present controversy.
The creditor's response to the motion to strike its claim became the functional equivalent of a motion to excuse the untimely filing of a claim against the estate. It is true that recognition or payment of a claim by a personal representative, standing alone, will not excuse the untimely filing of a claim. Section 733.702(1)(a) expressly states that the personal representative's recognition of a claim will not excuse a creditor from the requirement of presenting a timely and proper written claim against an estate. In the present case, however, the personal representative and the creditor entered into a reletting agreement. Moreover, in that agreement, quoted above, the personal representative recognized that the lease was a viable and *138 continuing debt, as opposed to merely recognizing it as a preexisting obligation. Having made rental payments, having entered into a reletting agreement where the liability for the claim was recognized, the conduct of the personal representative was such that the creditor manifestly was entitled to an evidentiary hearing to determine whether the acts, representations, and conduct of the personal representative and his agent had lulled the creditor into a false sense of security concerning the need for the presentation of a claim and whether the personal representative ought therefore be estopped to deny the presentation of the claim. Davis v. Evans.
For the foregoing reasons, the order appealed from is reversed with directions to afford the creditor an evidentiary hearing upon his claimed excuse for not timely and properly presenting the claim against the decedent's estate.