DELL, Judge.
The personal representative of the Estate of Leon Henry Read, Jr. appeals from an order of the probate court granting ap-pellee’s petition for payment and enforcement of claim.
Leon Henry Read, Jr. died April 5, 1983. On April 28, 1983, appellant petitioned for administration of the decedent’s estate. Approximately ten months after the first publication of the notice of administration, appellee, Barnett Bank of Palm Beach County, filed its statement of claim for payment óf a promissory note. Five days later, appellee petitioned for payment and enforcement of its claim, and sent formal notice to appellant. Appellant did not file a defense or objection to the petition. On March 22,1984, the court heard the petition for payment and enforcement of claim ex parte. The court found the full amount of the claim due and owing, and ordered the claim paid out of the general estate assets. Appellant filed an untimely motion for reconsideration and/or modification of the order granting appellee’s petition for payment, which the court denied.
Appellant contends, as he did in his untimely petition for rehearing, that appel-lee’s failure to file its notice of claim within a three month period provided by section 733.701 and 733.702, Florida Statutes (1983) forever barred its claim for payment of the promissory note. Appellee argues that appellant’s failure to take any timely action in the probate court precludes appellant from raising this point on appeal.
Section 733.702(1), Florida Statutes (1983) provides:
(1) No claim or demand against the decedent’s estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; .no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or other wrongful act or omission of the decedent, shall be binding on the estate, on the personal representative, or on any beneficiary unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. The personal representative may settle in full any claim without the necessity of the claim being filed when the settlement has been approved by the beneficiaries adversely affected according to the priorities provided in this code and when the settlement is made within the statutory time for filing claims; or he may file a proof of claim of all claims he has paid or intends to pay.
Appellant’s notice of administration, using the precise language of section 733.701, notified creditors of the decedent and others “to present their claims within three months after the date of the first publication of such notice or be forever barred.” When appellee filed its claim, the probate court and appellee had notice of the date of publication of the first notice to creditors. However, the probate judge either failed to note the late filing of the claim or chose to ignore this fact. Apparently, the probate court acted upon appellant’s failure to ob- *1273 jéct or to respond in any fashion to the petition for payment of claim. In essence, the probate court’s order directing payment of this claim amounted to a default judgment in favor of the claimant. In our view, entry of this order constituted fundamental'' error.
In the ordinary breach of contract case, failure to comply with the non-claim statute is an affirmative defense which should be raised by pleading rather than by motion to dismiss. Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982); Stern v. First National Bank of South Miami, 275 So.2d 58 (Fla. 3d DCA 1973). In those eases, the facts establishing the defense arose out of an independent judicial proceeding, and had not been alleged in the plaintiffs complaint. Here, appellee filed a creditor’s claim in a probate proceeding. The initial validity of the claim was not a collateral matter. The trial judge had before him a record which unequivocally demonstrated the untimeliness of appellee’s claim. It contained no suggestion that the personal representative created an estoppel by conduct, such as that which the court considered in North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967), overruled on other grounds, and Rinker Materials Corp. v. Palmer First National Bank, 361 So.2d 156 (Fla.1978). To order payment in the face of a record which clearly established the initial invalidity of the claim constituted fundamental error.
The probate court had no authority to order payment and accordingly we reverse the order which directed payment of the claim from the estate assets, awarded attorney’s fees, and provided for interest on the judgment.
REVERSED.
WALDEN, J., concurs.
HURLEY, J., dissents with opinion.