HURLEY, Judge,
dissenting.
Finding fundamental error, the majority reverses the probate court because it failed to detect and enforce an unpled affirmative defense. I cannot agree that the law imposes this duty on the probate court and, therefore, I dissent.
The facts are simple. The appellant personal representative was properly notified but elected not to file an objection to the appellee bank’s untimely claim. Moreover, the personal representative failed to file a timely motion for rehearing after the probate court ordered payment of the claim. In short, the personal representative did nothing to protect the estate. Nevertheless, the majority reverses on the theory that the probate court committed fundamental error because it failed to enforce the unpled affirmative defense.
In my view, a finding of fundamental error would be supportable only if section 733.702 were a jurisdictional statute of non-claim. It is not. Section 733.702 is a statute of limitations. The distinction between these two concepts was laid out in Coe v. ITT Community Development Corp., 362 So.2d 8 (Fla.1978), where the court indicated that a jurisdictional statute of non-claim constitutes an absolute bar to the filing of a claim, while a statute of limitations is merely an affirmative defense which can be raised against a filed claim.[1]
Florida has a host of cases, including several from this court, which hold that section 733.702 is a statute of limitations. Some of these cases are explicit. See, e.g., Harbour House Properties, Inc. v. Estate of Stone, 443 So.2d 136, 137 (Fla. 3d DCA 1983); Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982); In re Estate of Gay, 294 So.2d 668, 669 (Fla. 4th DCA 1974); Stern v. First National Bank of South Miami, 275 So.2d 58 (Fla. 3d DCA 1973). Other cases implicitly designate section 733.702 a statute of limitations because they permit claimants who assert valid estoppel arguments to overcome the *1274 statutory bar. See, e.g., In re Estate of Peterson, 433 So.2d 1358 (Fla. 4th DCA 1983); Picchione v. Asti, 354 So.2d 954 (Fla. 3d DCA 1978); North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967), overruled on other grounds, Rinker Materials Corp. v. Palmer First National Bank and Trust Co. of Sarasota, 361 So.2d 156 (Fla.1978). If the statute were a jurisdictional statute of non-claim, an estoppel argument could not be asserted to prevent application of the statutory bar. Miller v. Nolte, 453 So.2d 397, 401 (Fla.1984).
Thus, it is inescapable that section 733.-702 is a statute of limitations. As such, it is an affirmative defense which must be pled. See Rule 1.110(d), Fla.R.Civ.P. Furthermore, it is well-established that failure to plead an affirmative defense of a statute of limitations constitutes a waiver of that defense. See, e.g., Tuggle v. Maddox, 60 So.2d 158 (Fla.1952); Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704 (1941); Danielson v. Line, 134 Fla. 585, 185 So. 332 (1939); Hood v. Hood, 392 So.2d 924, 926 (Fla. 2d DCA 1980). Indeed, it is reversible error for a trial court to enforce a statute of limitations when that defense has not been pled. Phillips v. Ostrer, 418 So.2d 1104, 1106 (Fla. 3d DCA 1982).
By failing to raise the affirmative defense of the statute of limitations, the personal representative in the case at bar waived that defense. Consequently, this court is precluded from entertaining the statute of limitations defense under the principle that “[ejxcept in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the trial court.” Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). The majority circumvents this obstacle by finding that the trial court committed fundamental error when it failed to discharge a duty which the law never imposed, i.e., the duty to detect and enforce affirmative defenses which have been waived. In doing so, the majority effectively overrules established principles of law and sets an unwieldy and, I am convinced, unsound precedent with which I cannot concur. Therefore, I dissent.

. In Coe v. ITT Community Development Corp., 362 So.2d 8, 9 (Fla.1978), the court noted that although Florida courts, (including.the supreme court), have been imprecise in their usage of the two terms, the distinction is nevertheless a real one.