# ZINNI v ESTATE OF ERNEST SCHLEUSENER, et al.

## Case No. 84-8669 CG

Seventeenth Judicial Circuit, Broward County

January 14, 1986

### APPEARANCES OF COUNSEL

**M. Ross Shulmister** for the Estate of Schleusener.

**Bart T. Hefferman, Sherman & Rayson,** for plaintiffs.

### OPINION OF THE COURT

PATRICIA W. COCALIS, Circuit Judge.

This cause came before the Court for non-jury trial on three (3) promissory notes executed by Defendants CALDWELL and WRIGHT, and by Decedent, ERNEST SCHLEUSENER. The Court was advised that Defendants CALDWELL and WRIGHT have been discharged in bankruptcy, leaving only the Estate defending the action.

The Estate defended on the ground that no claim was timely filed in Probate, and asserted usury. At trial, over objection of the Estate, Plaintiffs sought to amend their pleadings to raise estoppel as a basis for overcoming the Estate's defense with respect to Plaintiffs' untimely filed claim.

It appears that extensions of time are handled by the probate court (as opposed to the trial court), but that extensions of time for filing claims cannot be granted under the current probate statutes. *Roberts v. Jassy*, 436 So.2d 394 (Fla. 2d DCA 1983). Implicit in such a holding is the characterization of § 733.702 as a non-claim statute or statute of limitations. The 3rd DCA has characterized the statute as merely one of judicial guidance, in *Harbour House Properties, Inc. v. Estate of Stone*, 443 So.2d 136, 137 (Fla. 3d DCA 1983). Other districts, including the 4th DCA, have held the statute to be a non-claim statute or statute of limitations. *E.g., In re Estate of Read*, 472 So.2d 1271 (Fla. 4th DCA 1985) (non-claim statute); *Simpson v. First Nat'l Bank & Trust Co. of Law Worth*, 318 So.2d 209 (Fla. 4th DCA 1975) (non-claim statute); *Davis v. Evans*, 132 So.2d 476 (Fla. 1st DCA 1961) (predecessor statute as non-claim); *Grossman v. Selewacz*, 417 So.2d 728, 730 (Fla. 4th DCA 1982) (labeled "non-claim" but dealt with as "statute of limitations"). Judge Hurley's dissent in *In re Estate of Read* presents a scholarly discussion on the difference between a non-claim statute (being jurisdictional in nature) and a statute of limitations (being an affirmative defense). 472 So.2d at 1273-74.

The distinction between the statute being a non-claim statute as opposed to a statute of limitations will not affect the result in this case, and the Estate of SCHLEUSENER raised the issue as an affirmative defense, so under either characterization, the issue is before the Court; and even a critical analysis of *Harbour House* indicates that the 3rd DCA was really characterizing the statute as one of limitations and therefore subject to a defense of estoppel.

The law on estoppel, as it applies to untimely claims filed against an estate, is still developing. In some cases the issue seems to have been raised in the probate court, while in others it seems to have been raised in a trial court where the estate is a defendant. There seems to be some trend toward the philosophy that the probate court has no power to extend the time for filing claim, but a trial court may have the power to find that the Estate is estopped from raising the untimeliness of the claim by way of defense. *Compare Roberts v. Jassy*, 436 So.2d 394 (Fla. 2d DCA 1983), *In re Estate of Read*, 472 So.2d 1271 (Fla. 4th DCA 1985), and *Harbour House Properties, Inc. v. Estate of Stone*, 443 So.2d 136, 137 (Fla. 3d DCA 1983). And it appears there may also be a collateral position that the probate court should have jurisdiction to consider the issue of estoppel in an adversary proceeding context. *In re Estate of Peterson*, 433 So.2d 1358 (Fla. 4th DCA 1983). At any rate, it clearly appears that it is appropriate for this court to consider and rule on the issue.

40

Several cases indicate that estoppel may be used to counter a defense of the probate statute of limitations, the most recent being *In re Estate of Peterson*, 433 So.2d 1358 (Fla. 4th DCA 1983), based on *North v. Culmer*, 193 So.2d 701 (Fla. 4th DCA 1967), *overruled* in *Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota*, 361 So.2d 156, 159 (Fla. 1978). *Rinker* did not specifically disallow estoppel as a response to a probate statute of limitations defense, but it did indicate that it would not accept such estoppel without at least an affirmative act of deception or fraud by the party to be estopped.

In an abundance of caution, the Court permitted testimony on the estoppel issue, without ruling on the Estate's objection that estoppel had not been pled. Plaintiffs' attorney testified that the Estate's attorney had, in a telephone conversation, led him to believe that a formal claim would not be necessary. The Estate's attorney denied such telephone conversation, presented evidence that there was no such telephone conversation, and that what Plaintiffs' attorney recalled was in fact not a telephone conversation but rather a letter dated May 7, 1984 (which actually included a blank claim form) that had been sent to all potential claimants against the Estate.

The Court finds that there was no conduct by the Estate or its attorney which would work an estoppel, and further points out that the elements of estoppel are not merely a misrepresentation which is relied on by the party seeking estoppel:

> "Broadly speaking, the essential elements of an equitable estoppel or estoppel in pais, as related to the party to be estopped, are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice." *Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota*, 361 So.2d 156, 157 (Fla. 1978).

Notably, the misleading must be as to facts—not as to whether a

41

party is required to file a claim. Such is not a fact, but rather a matter of law. Additionally, the "truth" is to be found in § 733.702 of Florida Statutes. Thus it cannot be said that Plaintiffs (or their attorney) did not have means of knowledge of the truth.

Moreover, the letter which was sent by the Estate's attorney to potential claimants actually encouraged them to file valid claims and did not attempt to induce them to withhold claims.

From an equitable perspective, Plaintiffs suggest that the Estate had taken their money and would be unjustly enriched by allowing the Estate to assert the limitations defense. The notes in question were "secured" by mortgages on property owned by Charme Properties, a company now in bankruptcy in which the decedent was somehow involved. There was no evidence to suggest that the money had been retained by decedent's estate, and there is an equally arguable position that the money was ultimately received by Charme Properties, and that it, rather than decedent, was unjustly enriched. Neither position is supportable from the evidence, and this Court cannot reach an unjust enrichment conclusion one way or the other. Without indicating whether such an issue could even have been considered in the context of this case, it is questionable as to whether evidence on who ultimately received the benefit of the investment even exists, or whether such a question could ever, as a practical matter, be decided.

The Court is sympathetic that Plaintiffs invested their life savings as they did and then lost the investment, even though all the sympathy in the world cannot restore to them their loss. However, the Court is also bound by the law, and there is no basis before this Court upon which relief can legally be granted against the Estate of SCHLEUSENER. Accordingly, it is hereby

ADJUDGED

That Plaintiffs do not have a valid claim against the Estate of SCHLEUSENER. The Court does not need to reach the usury issue.