# IN RE: The Estate of ERNEST CHARLES SCHLEUSENER

## Case No. 84-995

Seventeenth Judicial Circuit, Broward County

March 27, 1986

### APPEARANCES OF COUNSEL

**M. Ross Shulmister** for the Estate of Schleusener.

**Stephen F. Kessler** for claimants.

### OPINION OF THE COURT

RAYMOND J. HARE, Circuit Judge.

## ORDER DENYING MOTIONS FOR EXTENSION OF TIME FOR FILING CLAIMS BY CAMPBELL and FERDINAND

Three Claimants filed a motion to extend the time for filing claims against the Estate.

*No Statutory or Case Law Authority for Extending the Time for Filing Claims Against an Estate*

Florida Statutes do NOT permit the extension of time for filing claims against an estate. Section 733.702 is explicit in this respect:

"(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claims for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless presented:

"(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. . . ."

"(2) No cause of action, heretofore or hereafter accruing, including, but not limited to, actions founded upon fraud or other wrongful act or omission, shall survive the death of te person against whom the claim may be made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited."

A situation somewhat analogous to the one before this Court was in Lee County, where the plaintiff had an action pending against the decedent (Jassy) for about 17 months prior to his death. Some six months after the personal representative was substituted as the party Defendant, the Estate moved to dismiss the suit because the Plaintiff (Roberts) had not filed a claim against the Estate within the claims period. Suit was dismissed.

The Second DCA, affirming in *Roberts v. Jassy,* 436 So.2d 394, 395 (Fla. 2d DCA 1983), held that the claim against the Jassy Estate was void, quoting section 733.702(2), Florida Statutes.

Expressing it sympathy, the 2d DCA nevertheless stated:

". . . the requirement of the nonclaim statute is clear." *Id.* at 396.

More recently, the Fourth DCA has reemphasized the same basic philosophy, in *Gates Learjet Corp. v. Moyer*, 459 So.2d 1082 (Fla. 4th DCA 1984) where, on rehearing, Judge Glickstein stated:

"We acknowledged in our opinion that the result could be harsh. We reiterate, however, that at common law tort claims against decedents died with them, and that a statutory provision in derogation of that principle should be read narrowly. *The nonclaim statute permits tort claims against a decedent if filed within three months of first publication of the notice of administration; it cannot be construed to allow such filings at other times."* *Id.* at 1085. (emphasis added)

This philosophy is consistent with apparent legislative intent which can be gleaned from the statute (Section 733.702(1)(a)) which requires that the claim be presented:

"Within 3 months from the time of the first publication of the notice of administration, *even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise."* (emphasis added)

In short, extending the time for filing claims is PROHIBITED BY STATUTE, and that prohibition has been upheld by the courts (including the 4th District).

### Jurisdiction for Extending Times

Part VII of Chapter 733 deals with Creditors Claims, and it also deals with extension of time limits.

Section 733.705(3) requires an independent action upon the claim to be filed within 30 days from service of an objection, and the same period in which to file a notice of action in the estate (probate) proceeding. The 30 day period for filing is an express limitation.

That same section specifically grants authority for extending the time for (1) filing or serving objections to claims, and for (2) filing the notice of action in the estate (probate) proceeding. There is no *other* authority for extending times for filing claims, objections, notice of action, nor of the independent action itself, in the Probate Code or elsewhere.

While the Probate Code itself defines "court" to mean circuit court, the word "court", as used in the Probate Code, has been interpreted to mean "in probate proceedings". *See In re Estate of Lunga*, 360 So.2d 109, 111 (Fla. 3d DCA 1978). Thus, where time extensions may be granted, they must be granted by the Probate Court in probate proceedings.

However, under current law, there is no statutory or case law jurisdiction or authority to extend the time for filing claims.

## Relief From The Statutory Bar

At first, it might be noted that there is a difference between nonclaim statutes and statutes of limitation. The former are jurisdictional in nature, while the latter must be raised by affirmative defense and are themselves subject to defenses. An excellent discussion of the differences appears in Judge Hurley's dissent in *In re Estate of Read,* 472 So.2d 1271, 1273-74 (Fla. 4th DCA 1985).

It suffices to say that most decisions in the 3rd and 4th DCAs refer to Section 733.702 and 733.705 as "nonclaim" statutes, but treat them as "statutes of limitation".

A claim which is not timely filed is a nullity. *In re Estate of Read,* 472 So.2d 1271 (Fla. 4th DCA 1985). However, it appears that an independent action, otherwise timely, may still be viable against an estate. In that independent action, the personal representative may raise the statutory bar of Sections 733.702 and 733.705 by way of affirmative defense, or the same would be waived. *See, e.g., Tuggle v. Maddox,* 60 So. 2d 158, 159 (Fla. 1952); *Hood v. Hood,* 392 So.2d 924, 926 (Fla. 2d DCA 1980). The claimant, in that independent action, can then raise issues of estoppel in reply to such affirmative defense. *See In re Estate of Peterson,* 433 So.2d 1358, 1359 (Fla. 4th DCA 1983). Of course, failure to raise the issue of estoppel by way of reply to the affirmative defense would, like failure to raise the affirmative defense, waive the issue of estoppel. F.R.C.F. 1.110(d); *Dept. of Revenue v. Hobbs,* 368 So. 2d 367, 368 (Fla. 1st DCA 1979); *See, Gulf Life Ins. Co. v. Ferguson,* 59 So. 2d 371, 372 (Fla. 1952).

While avoidance of the affirmative defense of the statutory bar of Sections 733.702 and 733.705 by way of estoppel may be yet be available to claimants, procedurally, the affirmative defense of the "non-claim" statute should be raised in the trial court (in response to an action to enforce the claim) and not in probate proceedings. Then, in the civil proceeding, defenses to the statute (i.e., estoppel) can be raised in reply. *See In re Estate of Kulow,* 439 So.2d 280 (Fla. 2d DCA 1983); *cf. In re Estate of Peterson,* 433 So. 2d 1358, 1359 (Fla. 4th DCA 1983), *Grossman v. Selewacz,* 417 So.2d 728 (Fla. 4th DCA 1982), *Pichione v. Asti,* 354 So. 2d 954 (Fla. 3d DCA 1978), *Stern v. First National Bank of South Miami,* 275 So.2d 58 (Fla. 3d DCA 1973).

The rationale for such an approach is compelling, because estoppel

requires a trial on evidentiary matters, with the attendant framing of pleadings, discovery, and trial on the merits. The result of the trial on the independent action is a judgment establishing the claim, if the estoppel issue is raised and the claimant is the prevailing party. A claim based on a judgment against the estate is not barred by Sections 733.702 or 733.705. Motion practice, even in the probate court, involves abbreviated procedures, without the safeguards attendant to standard civil procedures, discovery and a full trial of all attendant facts.

It should be noted that claimants have, in fact, filed independent actions on their claims, and have, in fact, raised the issue of estoppel in reply to the Estate's affirmative defense that no claim was timely filed. Accordingly, issues of estoppel should be resolved in the civil actions and not by motion in probate proceedings.

### Caveat

This order should not be construed as meaning that the circuit court, sitting in probate proceedings, would not entertain issues of the "non-claim" statute and avoidances thereof by way of estoppel or otherwise in appropriate adversarial proceedings.

### Order

Accordingly, it is hereby

ORDERED

The motions of L. E. MERVYN CAMPBELL, CECIL FERDI-NAND, and PEARL FERDINAND to extend time for filing claims is denied.

ORDERED at Fort Lauderdale, Broward County, Florida on March 27, 1986.