# FERDINAND v ESTATE OF ERNEST SCHLEUSENER, et al. and
# CAMPBELL v ESTATE OF ERNEST SCHLEUSENER, et al.
## (Consolidated)

## Case Nos. 84-11149 and 84-11362

Seventeenth Judicial Circuit, Broward County

August 5, 1986

### APPEARANCES OF COUNSEL

**M. Ross Shulmister** for the Estate of Schleusener.

**Stephen F. Kessler** for plaintiffs, Cecil Ferdinand and L.E. Mervyn Campbell.

**Alan S. Fishman, Fishman & Carlton,** for defendant, Lee Caldwell.

### OPINION OF THE COURT

JOSEPH E. PRICE, JR., Circuit Judge.

THESE CONSOLIDATED CAUSES came before the Court for Non-jury Trial on August 1, 1986. APT MORTGAGE CORP was previously dismissed, and was no longer a party at the time of trial. A default was entered against LEE CALDWELL, and judgment as to her is being entered separately.

The Court heard evidence and received exhibits from the Plaintiffs and from the Estate.

Plaintiffs, L. E. MERVYN CAMPBELL ("CAMPBELL") and CECIL FERDINAND ("FERDINAND") filed belated claims against the Estate. The Plaintiffs moved the Probate Court to allow the late filing of claims, but the motion was denied. The order in probate proceedings allowed the Plaintiffs to raise the defense of estoppel, in this proceeding, to the Estate's affirmative defense that this action against the Estate is barred by the "nonclaim" statute. CAMPBELL and FERDINAND claimed that the Estate should be estopped from opposing its belated attempt to file the claim because of conduct of the Estate's attorney. If successful, their judgment in this case would have become a valid claim in probate, notwithstanding the lateness of the claims. *See,* the "Order Denying Motions for Extension of Time for Filing Claims" entered March 27, 1986 by the probate court in *In re Estate of SCHLEUSENER,* 18 Fla. Supp. 2d *24,* (17th Cir. 1986) (Probate Case #84-995).

The basic claim of CAMPBELL and FERDINAND was, in a nutshell, that the Estate's attorney induced their attorney not to file a claim. The testimony to "support" this claim was the deposition and affidavit of the attorney who originally filed this action, claiming that in a telephone conversation with the Estate's attorney, the Estate's attorney had told him it was not necessary to file a claim in probate proceedings, "lulling him into a false sense of security." No date of the conversation was indicated other than by way of a letter from the Estate's attorney (dated July 10, 1984) confirming a telephone conversation to the effect that the Estate need not file an answer to the complaint at that time. The three month deadline for filing claims in the Estate was June 12, 1984.

The Estate's attorney testified that he contacted the original attorney on July 2, 1984 because of a hearing scheduled in this matter which conflicted with a proceeding in Palm Beach Conty, and had at no other time (material to this action) contacted Plaintiffs' attorney. The Estate's attorney's testimony was backed up by calendar exhibits, a time slip, and telephone bills. The telephone bills further demonstrated that the Estate's attorney had initiated two calls to the Plaintiffs' attorney, one

on July 2, 1984 and one on July 3, 1984, but no calls during the probate claims period which ended June 12, 1984.

The Estate's attorney further testified that he never advised any party that it was not necessary to file a claim in probate. In fact, Plaintiff introduced into evidence a letter dated May 7, 1984 from the Estate's attorney to various "Creditors[s]/Claimant[s]/Other Part[ies] in Interest" which contained the following language:

"If you do not have any attorney, please keep in mind that if you did he would probably advise you to file a claim."

Plaintiffs suggest that the greeting ("Dear Creditor/Claimant/Other Party in Interest:"), and the fact that Plaintiffs' names are listed in the "Tentative Schedule of Encumbrances and Liabilities" tended to mislead them into believing that they were already claimants without having to file a claim. The text, however, does not support that suggestion, and a blank probate "Statement of Claim" was attached. Overall, the letter does not support that suggestion. Moreover, the applicable statute states that claims must be filed "within 3 months from the time of the first publication of the notice of administration, *even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise.*" Section 733.702(1)(a), Florida Statutes (1985). (emphasis added)

From the preponderance of evidence, the Court finds that there was no telephone conversation between the Estate's attorney and Plaintiffs' attorney prior to the deadline for filing claims, and therefore no possible way for the Estate's attorney to "lull the Plaintiffs' attorney into a false sense of security" by telling him it was not necessary to file a claim.

The Court also notes, in passing, that claims were, in fact, filed on behalf of Plaintiffs in probate, albeit late. Those claims were based on the notes and mortgages Plaintiffs held, and not on a violation of Chapter 494, Florida Statutes. Even if Plaintiffs were bringing an action against the Estate to establish their claim, their claim (even had it been timely filed) makes no reference to violation of Chapter 494, while this action is predicated on a violation of Chapter 494. Because the Court has reached a decision based on a finding of no conduct warranting estoppel, it need not (at least at this time) reach any conclusion as to the effect of bringing a tort action against an estate without a tort claim filed in the estate probate proceedings.

The Court further notes that no notice of this action was filed in probate proceedings, although required by Section 733.705(3). The

Estate moved to dismiss because of no notice being filed, and the motion was presented at trial. Because of the preceding result, the Court need not rule on that motion.

The result here is almost identical to results in at least two other cases in this jurisdiction,* and this Court, as in those other two cases, is understandably sympathetic that Plaintiffs invested substantial sums of their money, as they did, and then lost the investment, perhaps unfairly. Yet, as the judges in the other cases observed, "all the sympathy in the world cannot restore to them their loss. However, the Court is also bound by the law, and there is no basis before this Court upon which relief can legally be granted against the Estate of SCHLEUSENER."

Accordingly, this Court has no choice but to adjudge, and it is hereby

ADJUDGED

That Plaintiffs do not have a valid claim against the Estate of SCHLEUSENER.

This judgment, with the judgment against LEE CALDWELL, constitutes final disposition of this matter.

ORDERED at Fort Lauderdale, Broward County, Florida on August 5, 1986.

---

* *Zinni V. Estate of Schleusener*, 16 Fla. Supp. 2d 39 (17th Cir. 1986) (Case 384-8669 CG); *Schlaugat v. Estate of Schleusener*, Case 386-11072 CY, 17th Circuit of Florida.