# IN RE: ESTATE OF SIMON

## Case No. 87-1858 CP

Fifteenth Judicial Circuit, Palm Beach County
February 4, 1988

### APPEARANCES OF COUNSEL

**Jill D. Touby** for executor and personal representative.

**Gary L. Rudolf** for First Federal Savings and Loan.

### OPINION OF THE COURT

STEPHEN A. RAPP, Circuit Judge.

THIS CAUSE came on to be heard upon First Federal Savings and

Loan Association of Rochester's (First Federal) Motion to Amend Claim and/or to Extend Time for Filing Claim; Ronald Simon— Personal Representative's (PR) Motion to Impose Sanctions and First Federal's Motion to Strike PR's Motion for Sanctions.

Based upon the evidence presented, the Court makes the following findings of fact. First Federal, the claimant, was required to file its claim by September 1, 1987. First Federal filed its claim on August 28, 1987, in the Probate Division with the Clerk of the Circuit Court for Dade County, Florida. Unfortunately, this estate was being probated in Palm Beach County. The attorney for the claimant believed the estate was being probated in Dade County for several reasons. Among those were the fact that the attorney representing the estate's estate was in Miami and the fact that the Personal Representative of the estate was the brother of the decedent and an attorney practicing law in Miami. First Federal's lawyer attempted to determine the file number of the estate from the Dade County Clerk but the Clerk was unable to locate the file. Perplexed by this, First Federal's attorney telephoned the attorney for the PR and informed her of his problem. The attorney for the PR informed the claimant's attorney that there was indeed an estate open and gave him the file number and other information about the estate including the time period within which claims had to be filed. All of the information communicated by the PR's attorney to the claimant's attorney was factually correct. Thereafter, First Federal's attorney prepared a statement of claim, put the correct file number on the claim form and filed it in Dade County, assuming that the Clerk of the Court would now be able to locate the file since he now had the correct file number. The attorney for the PR did not intentionally mislead the attorney for First Federal. Nevertheless, the claimant's attorney and his paralegal were clearly misled by conversations with the PR's attorney into believing that the Dade County Clerk was in error and that the claim would be accepted by the Clerk if he applied the correct file number to his claim, which number was graciously provided to him by the PR's attorney.

The standards to be applied in determining whether a claimant should be excused from failing to timely file his claim are not clear to this Court. The standard seems to be more lenient than, for example, the standard applied for late filing of a notice of appeal; however, the standard seems to be more strict than that applied when determining a motion to set aside a default. The Third District Court of Appeal indicates that Florida Statute 733.702 simply provides a guideline for judicial procedure which may be relaxed in the sound discretion of the Court for good cause shown and that circumstances may exist which

**119**

will excuse the creditor from the apparently absolute bar on the face of the statute (see *Harbor House Properties, Inc. v. The Estate of Pearl G. Stone,* 443 So.2d 136 (3d DCA 1983). Having considered all of this, it is therefore,

ADJUDGED that

1. The Motion of First Federal to strike is denied.

2. The Motion of Ronald Simon, Personal Representative, for sanctions is denied.

3. The Motion of First Federal to extend the time for filing its claim is granted. The claim of First Federal attached to Docket Entry No. 18 shall be deemed timely filed. Personal Representative shall be permitted the appropriate time within which to respond to the claim from the date of this order.

ORDERED in West Palm Beach, Palm Beach County, Florida, this 4th day of February, 1988.