PER CURIAM.
Dr. Unger appeals a trial court’s order striking his claim for payment for medical services.
In 1972, after the death of a Mr. Gottlieb, the Doctor filed a claim in the estate for medical services rendered to the deceased. Six years later, the personal representative filed a motion to strike certain claims of creditors, which included the claim of Dr. Unger. The statute in effect at the time of the filing of the claim in this matter was Section 733.211, Florida Statutes (1971), which read in part as follows:
“(1) Whenever anyone shall have filed a claim against any estate in any probate proceedings in this state, in accordance with this chapter, and which claim has not had objection filed thereto or has not been paid, settled or otherwise disposed of and no proceeding is pending for the enforcement or compulsory payment thereof, then at the expiration of three years from the date such claim is filed such claim shall be forever barred and foreclosed and have no further force or effect and no proceeding or action shall thereafter ever be brought for enforcement or payment of same. . .
No proceeding having been commenced within the three-year period of the statute, the claim expired.
The appellant argues that because no objection was filed pursuant to Section 783.18(2), Florida Statutes (1971), the claim was admitted by the personal representative and, therefore, was an obligation of the estate. We disagree.
The purpose of the objection, under Section 733.18(2), Florida Statutes (1971) is to shorten the time within which a proceeding must be commenced. If no objection (as the statute existed in 1972), the claimant had three years to commence a proceeding if he did not receive payment; if an objection, his time was “, . . [Ljimited to two calendar months from the date of such service [of objection] within which to bring appropriate suit, action or proceedings upon such claim or demand. . . . ”
Therefore, the order under review be and the same is hereby affirmed.
Affirmed.