FRANK D. UPCHURCH, Jr., Judge.
Appellant, pursuant to rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, appeals an order granting a probate claimant’s petition to enforce payment of her claim. We dismiss sua sponte.
On April 29, 1978, Richard Klotz was killed and passenger Ruth Pike, appellee, was injured in an automobile accident which resulted from the alleged negligent *510 operation of a motor vehicle driven by Klotz. On March 2, 1979, appellee instituted suit against appellant who was personal representative of the estate. Four days later, appellee filed a statement of claim against the Klotz estate. Appellant did not file a timely objection to the claim as provided in section 733.705, Florida Statutes (1979). Under this statute, appellant had four months from the first publication of notice of administration (January 14, 1979), within which to file an objection and this period expired on May 14,1979.[1] Appellant did, however, file an answer in the civil suit which denied liability.
On July 24,1979, appellee filed a petition to enforce payment alleging that the claim was due and not contingent. Appellant responded to the petition alleging the existence of the suit. Copies of the pleadings were attached to the response.
The court, on August 22, 1979, entered the order appealed which provided:
[T]hat the claimant’s petition to enforce statement of her claim be and the same is hereby granted and an independent hearing shall be held wherein the claimant shall present her case in support of her claim.
The question we consider is whether an appeal will lie from this order.
The instant claim was clearly contingent as appellee well knew. This is reflected by institution of suit even before filing her claim. In In re Estate of Shaw, 340 So.2d 491, 492 (Fla.3d DCA 1976),[2] the court declared:
A contingent claim such as that of appellant against an estate is one where the liability depends upon some future event which may or may not happen (i. e. in the the case sub judice, whether appellant prevails in her suit in the civil division) and, which, therefore, makes it wholly uncertain whether there ever will be liability.
We can only speculate as to whether the “independent hearing” specified in the order is the same as the “independent action” required by the statute 733.705(3), Florida Statutes (1979). The order also does not reflect whether the court intended only the question of damages to be determined in that hearing or whether the question of liability was also to be resolved.
The purpose of an objection as stated in Unger v. Hessen, 373 So.2d 954 (Fla.3d DCA 1979), is to shorten the time within which a proceeding must be commenced. Therefore the requirement that appellant file an objection was an empty exercise and would accomplish nothing because the suit which the objection would precipitate was already in progress.
Appellant has brought this appeal under Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, which provides for review of non-final orders which determine liability in favor of a party seeking affirmative relief. While the parties, by their actions, have obviously concluded that liability has been determined, this does not appear from the record or the order appealed. The trial court may very well have intended the “independent hearing,” referred to in the order, to be the trial of the suit now in progress in which liability is in issue.
Therefore, we conclude that the appeal is premature and dismiss sua sponte.
DAUKSCH, C. J. and COWART, J., concur.

. On August 21, 1979, appellant did file an objection to the claim and subsequently moved the court for an extension of time to permit the objection to be filed. The court denied this request. The time limitation prescribed in section 733.705(2), Florida Statutes (1979), for the filing of objections to claims may be relaxed upon a showing of “good cause.” Section 733.-705(3). See In re Estate of Sale, 227 So.2d 199 (Fla. 1969); In re Estate of Dudley, 374 So.2d 1111 (Fla. 4th DCA 1979). Here appellant has failed to produce facts establishing “good cause” which would have justified an extension.

. A timely objection had been filed in the cited case.