PER CURIAM.
Delores Pierce, as personal representative of the estate of Verus Pierce, and Abraham L. Pierce appeal a final judgment entered pursuant to a directed verdict in favor of American Bank & Trust Company (American). Appellants contend, inter alia, the trial judge erred in denying their motion for leave to file supplemental affirmative defenses. The judgment is affirmed as to Abraham and reversed as to Delores, as personal representative of Verus’s estate.
American filed a complaint to foreclose a mortgage against Abraham and Verus on April 24,1980. Verus died on March 6,1981 and a suggestion of death and motion to substitute personal representative were served on April 30,1981. The court’s order substituting Delores as personal representative and an order authorizing American to file a second amended complaint were entered on June 1,1981. It is alleged Delores, as personal representative of Verus’s estate, first published a notice of administration on June 12, 1981. See § 733.212, Fla.Stat. If this allegation is true, the three-month period for the filing of claims under § 733.702, Fla.Stat. ran on September 12, 1981. The appellants answered the second amended complaint on July 7, 1981, some 67 days before the alleged time for filing of claims expired in the probate proceedings. The appellants filed a motion for leave to file supplemental affirmative defenses on August 19, 1982, which was denied on August 20, 1982.
The second amended complaint was an action upon the note only and the mortgage foreclosure was abandoned. Accordingly, pursuant to § 733.702(l)(a), American has no valid claim against Verus’s estate if it did not file a claim against her estate within three months after the initial publication of the notice of administration.
The late filing of the affirmative defense that the claim is barred by § 733.702 does not prejudice American because even on such short notice it could have proved the timely filing of a claim if a claim was filed. If a claim was not timely filed and is barred under the statute, a judgment should not be entered against the estate as this would require further litigation by the parties if American attempted to enforce the judgment. The trial court should have granted the motion for leave to file supplemental affirmative defenses.
The judgment against Delores, as personal representative of Verus’s estate, is vacated and the cause is remanded to the trial court with leave to the personal representative to file an affirmative defense alleging American failed to timely file a claim against the estate. The judgment against Abraham L. Pierce is affirmed.
ERVIN, THOMPSON and WIGGINTON, JJ., concur.