436 So.2d 394 (1983)
W. Donald ROBERTS, Appellant,
v.
John D. JASSY and R. Keith Jassy, As Personal Representatives of the Estate of David Jassy, Deceased, Appellees.
No. 82-2170.
District Court of Appeal of Florida, Second District.
August 19, 1983.
*395 H. Stephen Frank and Jerrold S. Stern, Fort Myers, for appellant.
Robert L. Donald and William H. Shields of Pavese, Shields, Garner, Haverfield, Dalton & Cottrell, Fort Myers, for appellees.
OTT, Chief Judge.
The appellant brought suit against David Jassy and several others to recover brokerage commissions. During the course of the litigation (about seventeen months after suit was filed), David Jassy died. His attorney filed a suggestion of death in the case. Appellees were appointed co-personal representatives of the estate of David Jassy. The personal representatives were promptly served with a copy of the complaint and a few days thereafter were duly substituted in the case as defendants by court order dated January 26, 1982.
The litigation proceeded and the case was ultimately assigned a trial date of March 17, 1982. On March 15, 1982, appellees filed a motion to dismiss asserting that appellant had failed to comply with the "Non-Claim Statute of the Probate Code." This motion to dismiss remained pending, and trial was rescheduled and then continued several times.
Ultimately, trial was scheduled for September 20, 1982. The appellees filed a second motion to dismiss on July 22, 1982, again alleging that appellant had not filed a claim in the estate and the time for filing claims had expired. The nonclaim period having expired March 10, 1982, the trial court dismissed the suit against appellees, and this appeal followed.
Section 733.702(1), Florida Statutes (1981), provides that no claim that arose before the death of a decedent shall be binding on the estate or personal representative unless presented within three months of the first publication of the notice of administration. Section 733.702(2), directly applicable to the facts of this case, provides:
No cause of action heretofore or hereafter accruing, including, but not limited to, actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom the claim may be made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited.

(Emphasis added.) By the very words of the statute appellant's claim is rendered void, and we have no choice but to affirm the order appealed. However, we feel compelled to comment on the inequitable and harsh result in this case.
In In re Williamson's Estate, 95 So.2d 244 (Fla. 1956), the court stated:
We have held it to be a matter of public policy in this state that the estates of decedents shall be speedily and finally determined with dispatch. It is pursuant to this policy that statutes of nonclaim such as the one under consideration have been enacted by the Legislature. While it is not the purpose of the Probate Act to restrict unreasonably the rights of creditors, it is nonetheless the objective of the Act to expedite and facilitate the settlement of estates in the interest of the public welfare and for the benefit of those interested in decedents' estates. In *396 re Jeffries' Estate, 136 Fla. 410, 181 So. 833.
Id. at 246. Prior to adoption of the 1974 Florida Probate Code, section 733.16(1)(a), Florida Statutes (1973), the nonclaim statute, permitted a claimant to file suit and serve the personal representative within the applicable six-month time period rather than file a claim.
In Kornblum v. Heflin, 183 So.2d 843 (Fla. 2d DCA 1966), we held that "the filing of a motion to substitute a personal representative is ... the equivalent to filing suit against the estate within the meaning of section 733.16(1)(a)." Thus, appellant would prevail under the prior statute. Such a result unquestionably comports with the public policy of this state as enunciated in In re Williamson's Estate, supra. The personal representative is put on notice that the claim exists and can promptly evaluate it and notify beneficiaries.
The 1974 Florida Probate Code drafters opted to follow many reforms recommended by the Uniform Probate Code.[1] The general comment to article 3, part 8, Uniform Probate Code, stresses the need for uniformity of law from state to state in the area of creditors' claims. Notwithstanding, section 733.702(2) is completely contrary to the recommendation of the Uniform Probate Code, section 3-804(2), which reads:
The claimant may commence a proceeding against the personal representative in any Court where the personal representative may be subjected to jurisdiction, to obtain payment of his claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death.

(Emphasis added.) This provision clearly follows the expressed public policy of this state that estates of decedents be settled as expediently as possible without unduly restricting the rights of creditors.
We fail to understand why our legislature, in its infinite wisdom, chose to place a burden on creditors who are already litigating their claims.
While we are sympathetic with appellant here who spent nearly two years in court, only to be dismissed on a technicality, the requirement of the nonclaim statute is clear.[2] The trial court was correct, and his order of dismissal is, therefore, AFFIRMED.
GRIMES and SCHOONOVER, JJ., concur.
NOTES
[1] See generally Fenn & Koren, The 1974 Florida Probate Code  A Marriage of Convenience, 27 U.Fla.L.Rev. 1 (Fall 1974).
[2] Cf., Pierce v. American Bank & Trust Co., 433 So.2d 655 (Fla. 1st DCA, 1983).