475 So.2d 1329 (1985)
Herman E. LASATER, Sr. and Horace Clarke Lasater, Jr., Etc., Appellants,
v.
Gene W. LEATHERS, Etc., Appellee.
No. 84-1489.
District Court of Appeal of Florida, Fifth District.
September 26, 1985.
Wayne Tosko of Mahaffey & Baker, P.A., Orlando, for appellants.
G. Charles Wohlust of DeWolf, Ward & Morris, P.A., Orlando, for appellee.
ORFINGER, Judge.
This is an appeal from a final order dismissing defendants' counterclaim for failure to comply with the requirement of the non-claim statute, section 733.702(1), Florida Statutes (1981). We affirm.
On November 9, 1978, W.F. Lasater filed a complaint against Herman Lasater, Sr. and Horace Lasater, Jr. as co-administrators of the estate of Horace Lasater, Sr., deceased, to quiet title to certain real estate in Lake County and for partition. On May 15, 1980 the defendants filed an amended counterclaim against W.F. Lasater asking for damages, accounting, and a temporary and permanent injunction.
The plaintiff, W.F. Lasater died on March 30, 1981. The defendants were aware of his death because on April 13, 1981, their counsel filed a suggestion of plaintiff's death and moved for an abatement of the cause until a substitution of parties was made. The defendants' counsel then wrote to the plaintiff's attorney asking to be advised when the estate was substituted as a party plaintiff. The plaintiff's attorney responded that he did not know when substitution would occur because there was litigation over who the executor of the estate would be. The attorney's letter did state that "In the interim *1330 there may be a curator appointed and I will let you know as soon as that happens."
On June 6, 1984 the court granted the defendants' motion for substitution of parties and substituted Gene Leathers, the personal representative of the estate of W.F. Lasater, as the plaintiff/counter-defendant in the action. On August 16, 1984 Leathers filed a motion to dismiss the amended counterclaim on the ground that the counter-plaintiffs had failed to file a claim in the estate within the three month period for filing claims following the first publication of the notice of administration on February 25, 1982. The court granted the motion on the basis of section 733.702(2), Florida Statutes (1981) and dismissed the counterclaim with prejudice.
Section 733.702(1), Florida Statutes (1981) provides that no claim or demand against a decedent's estate that arose before decedent's death shall be binding on the estate unless presented within three months from the time of the first publication of the notice of administration. Section 733.702(2) then provides:
No cause of action heretofore or hereafter accruing, including, but not limited to, actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom the claims may be made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited. [Emphasis added].
A factual situation similar to that here was presented to the court in Roberts v. Jassy, 436 So.2d 394 (Fla.2d DCA 1983). In agreeing that the claim was barred notwithstanding the pendency of the litigation at the time of decedent's death, because no claim had been filed as required by the non-claim statute, the court said:
By the very words of the statute appellant's claim is rendered void and we have no choice but to affirm the order appealed. However, we feel compelled to comment on the inequitable and harsh result of this case.
Id. at 395. The court expressed its sympathy with the appellant and wondered why the legislature had chosen to place a burden upon creditors who were already litigating their claims prior to decedent's death, but felt compelled to reach that result in view of the clear language of the statute.
Other courts have reached the same result under similar facts. See Gates Learjet Corporation v. Moyer, 459 So.2d 1082 (Fla. 4th DCA 1984); Pierce v. American Bank & Trust Company, 433 So.2d 655 (Fla. 1st DCA 1983); Koschmeder v. Griffin, 386 So.2d 625 (Fla. 4th DCA 1980).
We, too, wonder why the legislature imposed an additional burden upon a creditor who is already litigating his claim against a defendant (or, as in this case, a counter-defendant) when that defendant dies. As pointed out by the Jassy court, such a requirement is contrary to the recommendation of the Uniform Probate Code that no presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death. Nevertheless, the legislature has seen fit to impose the requirement, and we are bound to give it effect.
In Harbour House Properties, Inc. v. Estate of Stone, 443 So.2d 136 (Fla. 3d DCA 1983) the court held that section 733.702, Florida Statutes (1981) and its predecessors were not non-claim statutes but were only "guidelines for judicial procedure which may be relaxed in the sound discretion of the probate court for good cause shown."[1] The court then held that *1331 if the conduct of the personal representative had "lulled the creditor into a false sense of security concerning the need for the presentation of a claim" the doctrine of estoppel could be invoked against the estate. We need not reach that question here and consequently do not rule on the issue of whether estoppel does come into play, under proper circumstances, to excuse an untimely filing of a claim by a creditor. Suffice it to say that no such facts exist here. The only correspondence between the attorneys for the parties had to do with substitution, and there is nothing in that correspondence which would lead anyone to believe that the filing of a claim was unnecessary.
The order appealed from is
AFFIRMED.
COBB, C.J., and KIRKWOOD, L.R., Associate Judge, concur.
NOTES
[1] We find this conclusion questionable in view of the many early (and later) cases which refer to similar statutes as statutes of non-claim. See, e.g., In re Woods' Estate, 133 Fla. 730, 183 So. 10 (1938), 117 A.L.R. 1202 (a distinction between general statutes of limitation and "non-claim statutes" under which claims against estates of deceased persons must be presented); In re Brown's Estate, 117 So.2d 478 (Fla. 1960). On the other hand, it has been held that statutory time limitations for filing objections to claims already filed and for filing an appropriate action or suit upon such claim operate merely as rules of judicial procedure and not as statutes of non-claim. In re Estate of Sale, 227 So.2d 199 (Fla. 1969).