510 So.2d 1003 (1987)
Phillip J. SCUTIERI, Jr., Jacqueline M. Simmons, Sundale Associates, Ltd., the Sunrise Club, Inc. and Associated American Development Corp., Appellants,
v.
ESTATE OF Phil REVITZ, Appellee.
No. 87-1333.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Rehearing Denied September 2, 1987.
Gilbride, Heller & Brown and James F. Gilbride and Dyanne E. Feinberg, Miami, for appellants.
Rosenberg, Reisman & Glass and Joseph B. Reisman and Michael L. Dennis, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Robert C. Josefsberg, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
*1004 PER CURIAM.
This is an appeal from a final order denying a motion made below by certain estate creditors [Phillip J. Scutieri, Jr., Jacqueline M. Simmons, Sundale Associates, Ltd., The Sunrise Club, Inc., and Associated American Development Corp.] for leave to file a statement of claim nunc pro tunc which was otherwise untimely filed under Section 733.702(1), Florida Statutes (1985). We reverse based on the following briefly stated legal analysis.
First, we have held that "Section 733.702, Florida Statutes [(1985)] and its predecessors are not nonclaims statutes but guidelines for judicial procedure which may be relaxed in the sound discretion of the probate court for good cause shown." Harbour House Properties, Inc. v. Estate of Stone, 443 So.2d 136, 137 (Fla. 3d DCA 1983) (citing In re Jeffries' Estate, 136 Fla. 410, 181 So. 833 (1938) and Davis v. Evans, 132 So.2d 476, 482 (Fla. 1st DCA), cert. denied, 136 So.2d 348 (Fla. 1961)).
Second, this procedural statute is entirely constitutional under Article V, Section 2(a) of the Florida Constitution because it was adopted as a temporary, and still effective, rule of procedure by the Florida Supreme Court, The Florida Bar Re Emergency Amendments to Fla. Rules of Probate and Guardianship Procedure, 460 So.2d 906 (Fla. 1984), and does not otherwise conflict with any rule in the Florida Rules of Probate and Guardianship Procedure. Compare Z & O Realty Assocs., Inc. v. Lakow (Fla. 3d DCA 1987) (case no. 86-2435, opinion filed June 23, 1987).
Third, the trial court abused its discretion in refusing to relax the three-month time period established by the above statute by denying the claimants leave to file their statement of claim thirty-three days late; this is so because good cause was shown below for allowing such a late-filed claim statement. Without dispute, the subject claim is based upon a lawsuit which had been pending for four years against the deceased Phil Revitz at the time of his death. Following the death, the personal representative of Mr. Revitz' estate was promptly substituted as a party in the lawsuit long before the statutory three-month period for filing statements of claim in probate court expired. This being so, the aforesaid personal representative was legally notified of the claim against the estate in timely fashion by virtue of her being made a party to the said lawsuit within the statutory period; she cannot now be heard to complain that she was not legally notified of same so as to preclude the late-filed statement of claim in this case. It exalts form over substance to not allow a second legal notice of this claim, namely the statement of claim asserted herein, to be filed late in this case  particularly where there is utterly no showing of prejudice because of the late filing to the personal representative, estate beneficiaries, other estate creditors, or anyone else on this record. Cf. Williams v. Estate of Williams, 493 So.2d 44, 46 (Fla. 5th DCA 1986) (where personal representative is not prejudiced and delay is not excessive, trial court should grant extension of time within which to file independent actions on objected-to claim against estate); In re Estate of Oxford, 372 So.2d 1129, 1132 (Fla. 2d DCA 1979), cert. denied, 382 So.2d 1200 (Fla. 1980) (same); Bell v. Harris, 366 So.2d 765, 766 (Fla. 1st DCA 1978) (same). In our view, Lasater v. Leathers, 475 So.2d 1329 (Fla. 5th DCA 1985) and Roberts v. Jassy, 436 So.2d 394 (Fla. 2d DCA 1983), do not compel a contrary result because in neither of those cases did the claimants seek leave to file, as here, an otherwise late statement of claim; indeed, the claimants in those cases, unlike the claimants herein, made no effort at any time to file a statement of claim in the probate proceeding.
The final order under review is reversed, and the cause is remanded to the trial court with directions to allow the claimants herein to file their statement of claim.
Reversed and remanded.