## IN RE: ESTATE OF ST. JOHN
Case No. 87-40-CP

Nineteenth Judicial Circuit, Martin County, Florida

December 20, 1987

## OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

This matter came on for hearing pursuant to the Personal Representative's motion to strike the claim of Nichols E. St. John. Letters were granted in this case on 7 February 1987 making Maud A. St. John and Donald W. Eakin as co-personal representatives. On 14 May 1987, Dr. St. John timely filed a claim in the amount of 4d185,000.00 against the estate. On 8 June 1987, attorney Eakin filed an objection to claim and served Dr. St. John directly by certified mail in Connecticut. The court file clearly reveals that at the time Attorney Eakin was on notice that Dr. St. John was represented by counsel.

Counsel for the Personal Representative argues that service upon the

claimant is sufficient. In support of that position, counsel for the personal representative cites the language of F. S. 733.705(2) which provides, inter alia, that the personal representative may serve an objection upon the claimant or upon the claimant's attorney. In the Personal Representatives' view, this portion is substantive and therefore controls over the language of Fla. R.P. & G.P. 5.040(a)(3)(i) which mandates service upon interested parties through counsel when represented and 5.041(a)(b) which also requires service to be made upon counsel when an interested party is so represented. Counsel for the claimant, not unexpectedly, views the question differently.

At the outset it should be noted that the distinction between substance and procedure has often been the cause of semantic and legal confusion. However, in the Court's view the provision of F. S. 733.705(2) are procedural in nature and thus subject to the rule making authority of the Supreme Court. This conclusion is in accord with the Supreme Court's opinion published on 1 January 1985 which adopted those portions of F.S. 731 through F.S. 735 which are procedural in nature as temporary rules subject to further review by guardianship and rules committee. (458 So.2d 1079, Fla., 1985). In addition, a recent case from the Third District, *Scutieri v. Estate of Revity,* 510 So.2d 1003 (Fla. App. 1987), has construed 733.702 as a procedural statute, constitutional because it was adopted as a temporary and still effective rule of procedure by the Supreme Court, 460 So.2d 906 (Fla. 1984) and *does not otherwise conflict with any rule in the Florida Rules of Probate and Guardianship Procedure.*

This view is also consistent with the view of the Fifth District in *Williams v. Estate of Williams,* 493 So.2d 44 (Fla. 5th DCA 1986) which squarely held that the "time periods in F.S. 733.705 are not firm statutes of non-claim but operate as rules of judicial procedure." *(Williams* at page 45).

Thus, the more stringent provisions of Rule 5.040 and 5.041 are equally procedural and control in this instance. The Court therefore finds that the service upon Dr. St. John was infirm. Turning to the related issue of failure to serve properly as constituting an abandonment of the objection, the Court is of the view that the lawyer error by the attorney for the personal representative has not prejudiced the claimant and that good cause is shown, on these facts, so as to allow proper service upon the attorney for claimant. It follows, therefore, that the time to file an independent action would also be subject to an extension of time.

It is so ordered.