ALLEN, Judge.
The personal representative of the estate of Norma Jean Hill appeals from an order denying his motion to strike the appellee creditor’s claim, and granting the appellee’s motion under Rule 5.495, Florida Probate Rules, to extend the time for filing the claim. The appellant argues (1) that Rule 5.495 is improperly being given a retroactive application; and (2) that even if Rule 5.495 is applicable, the appellee failed to plead and prove sufficient facts to entitle it to relief. Because the “operative event” for the purpose of applying Rule 5.495 occurred after the effective date of the rule, we determine that the rule is applicable. However, upon review of the appel-lee’s Rule 5.495 petition and the transcript of the hearing thereupon, we conclude that the appellee has failed to sufficiently plead and prove an entitlement to relief under the rule. Accordingly, we reverse the order under review.
To set the facts of this case in proper context, some background information should first be provided. On April 19, 1988, the United States Supreme Court decided Tulsa Prof. Collection Servs., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). There, the court addressed an Oklahoma probate statute which, similar to section 733.702, Florida Statutes (1987), provided that the claims of estate creditors would be barred unless filed within the time specified in a newspa *702 per publication. The court held that estate creditors who are known to or reasonably ascertainable by a decedent’s personal representative have a due process right to actual notice of the pendency of probate proceedings, and that proof of newspaper publication alone will not bar the claims of such creditors.
To address the impact of the Pope decision, the Supreme Court of Florida requested the Probate and Guardianship Rules Committee of The Florida Bar and the Probate and Guardianship Rules Committee of the Real Property, Probate and Trust Law Section, acting as a joint committee, to suggest appropriate changes to the Florida Probate Rules. The committee responded by proposing an amended Rule 5.240 and the addition of Rule 5.495, which were approved by the court and became effective on January 1, 1989. In re Rules of Probate and Guardianship Procedure, 537 So.2d 500 (Fla.1988). Rule 5.495 is titled “Petition To Extend Time For Filing Claim” and provides as follows:
If a creditor of the estate files a petition to extend the time for filing a claim, after the time allowed by law for presenting claims, or a petition to require payment of claim, which claim was filed after the time allowed by law ' for presenting claims, and the petition alleges that the creditor was known to or reasonably ascertainable by the personal representative, but was not served with a copy of the notice of administration, such petition shall specifically allege facts showing that such creditor was known to or reasonably ascertainable by the personal representative. It shall also include a verified statement alleging either (i) the creditor did not have actual knowledge of those matters relating to creditors’ claims required to be set forth in the notice of administration during the period allowed for filing claims against the estate, or (ii) facts sufficient to obtain relief under Rule of Civil Procedure 1.540(b).
The committee note indicates that the rule is designed to provide a procedure for the filing of claims by estate creditors who have missed the filing deadline imposed by section 733.702.[1]
We now turn to the specific facts of the case before us. The decedent died on September 1, 1988, and the notice of administration was published for the first time on September 28, 1988. The section 733.702, Florida Statutes (1987), three-month period within which estate creditors could file their claims expired on December 28, 1988, but the appellee did not file a claim until January 13,1989. The appellant responded by moving to strike the claim, because it had not been filed within the time prescribed by section 733.702.
Then, specifically in reliance upon Rule 5.495, the appellee filed its petition to extend the time for filing its claim. The appellee alleged that the appellant knew it to be an estate creditor, but failed to take any steps to notify the appellee of the administration of the estate, other than to publish notice of administration. The ap-pellee further alleged that one of its employees had prepared a statement of claim on October 6, 1988, but that the claim had not been forwarded to the clerk of the circuit court for filing. The petition offered no explanation for the failure to timely file the claim. Rather, it indicated that, for unknown reasons, the original was still unmailed and in the appellee’s possession on February 2, 1989. Nevertheless, the appellee alleged that its failure to file the *703 claim by December 28, 1988, was a result of mistake or excusable neglect.
The appellant responded with an admission that he had known the appellee to be an estate creditor, and that he had only given notice of the administration of the estate through newspaper publication. But the appellant denied the assertion that the appellee’s failure to file its claim prior to December 28, 1988, was a result of mistake or excusable neglect.
At the hearing on the appellee’s petition, and again in the appellee’s post-hearing memorandum, counsel for the appellee indicated that the appellee was relying upon its assertion of mistake or excusable neglect of a type sufficient for the granting of relief under Rule 1.540(b), Florida Rules of Civil Procedure, rather than any claim of an absence of timely, actual knowledge of the administration of the estate.
Although the appellee offered no testimony or other evidence in support of its petition, the trial court denied the appellant’s motion to strike the claim, and granted the appellee’s petition, determining that “[u]nder Rule 5.495 FPR and case law developed under Rule 1.540(b) Fla.R.Civ.P., the creditor has established sufficient proof to be entitled to relief under its provisions.”
The appellant first argues that the trial court has improperly given Rule 5.495 a retroactive application. We disagree.
Florida rules of court have long been established as having prospective application only, absent an express statement to the contrary. See, e.g., Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896). In adopting Rule 5.495, the supreme court made no provision for retroactive application, so the rule applies only to such proceedings as are commenced after the rule’s January 1, 1989 effective date. Accordingly, the issue before us is the determination of the relevant “proceeding” or, otherwise stated, the “operative event” to which the rule is to be applied.
In Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986) (en banc), approved, 506 So.2d 1035 (Fla.1987), the court was faced with a similar question. Zabrani had been taken into custody in July of 1984 and, in 1985, moved for discharge under Rule 3.191, Florida Rules of Criminal Procedure, the speedy trial rule. The issue was whether the “conditional” discharge provisions of the rule as amended on January 1, 1985, or the earlier “automatic” discharge provisions of the rule were applicable. The en banc court held that the “operative event” for the purpose of applying the rule was the filing of the motion for discharge, and, since the motion was filed after January 1, 1985, the 1985 rule was applicable. The court reasoned that “[s]ince there was plainly no ‘right to discharge’ until the defendant moved for it, the consequences of filing that motion must be determined by the rule on the date it was made.” Zabrani v. Cowart, 502 So.2d at 1259. The supreme court specifically approved and adopted this reasoning in Bloom v. McKnight, 502 So.2d 422 (Fla.1987). For a similar application of this same rationale, see State v. Greenberg, 564 So.2d 1176 (Fla. 3d DCA 1990), rev. denied, 576 So .2d 287 (Fla.1991).
In accordance with the reasoning in Za-brani, we believe the operative event for the purpose of applying Rule 5.495 occurred during 1989. Just as a prisoner has no right to a judicial determination of his entitlement to a speedy trial discharge until such time as he files his motion for discharge, an estate creditor has no right to a judicial determination of the merits of its claim against an estate until the creditor files an appropriate pleading asserting the claim. Just as the speedy trial rule in effect at the time a prisoner files his motion for discharge is applicable to his claimed right to discharge, the pertinent probate rules in effect when a creditor files its pleading asserting its claim are applicable to the creditor’s claim. Here, no pleading asserting the appellee creditor’s claim was filed until January of 1989, when Rule 5.495 was in effect. Since the operative event for the purpose of applying the rule occurred after the rule’s effective date, the rule applies to the appellee’s claim.
*704 Next, the appellant argues that, even if Rule 5.495 is applicable to the appel-lee’s claim, the appellee failed to plead and prove sufficient facts to entitle it to relief under the rule. We must agree with this argument. The rule unmistakably requires pleading and proof either (1) that the creditor lacked timely, actual knowledge of “those matters relating to creditors’ claims required to be set forth in the notice of administration,” or of (2) “facts sufficient to obtain relief under Rule of Civil Procedure 1.540(b).” Our review of the record reveals that the appellee satisfied neither of these alternative requirements.
Neither the appellee’s petition nor its post-hearing memorandum suggest that the appellee lacked timely, actual knowledge of all information necessary for it to have filed its claim within the time allowed by section 738.702. No evidence suggesting any lack of such knowledge was offered at the hearing on the petition. In fact, at the hearing, the appellee’s counsel said:
The problem is, is that we had actual notice. Our contention is that even if we had actual notice, we should be allowed up and given some relief for excusable neglect.
Without question, there was no basis for the trial court to have found that the appel-lee either pleaded or proved an absence of timely, actual knowledge.[2]
While the appellee’s petition asserted that its oversight in failing to timely file its claim was due to mistake or excusable neglect, the appellee offered no explanation for the oversight. Accordingly, it is apparent that no mistake or excusable neglect of a type which would entitle a party to relief under Rule 1.540, Florida Rules of Civil Procedure, was plead or proved by the ap-pellee. See, e.g., Goldome v. Davis, 567 So.2d 909 (Fla. 2d DCA 1990); Shipp Corp., Inc. v. Charpilloz, 414 So.2d 1122 (Fla. 2d DCA 1982); Vanguard Group, Inc. v. Vanguard Sec., Inc., 409 So.2d 1219 (Fla. 3d DCA 1982); John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980); and committee note to Rule 1.540 (appearing at footnote 1, supra) (“inadvertence” not sufficient basis for late filing of claim).
Because the appellee failed to plead and prove an entitlement to relief under Rule 5.495, Florida Probate Rules, the order under review is reversed, and this cause is remanded to the trial court for entry of an order granting the appellant’s motion to strike the claim and denying the appellee’s motion to extend the time for filing its claim.[3]
JOANOS, J., concurs.
BOOTH, J., dissents with written opinion.

. The text of the committee note is as follows:
It is contemplated that substantially more creditors who have missed the filing deadline imposed by F.S. 733.702 will be filing a petition to extend the time for filing claim, under the authority of Tulsa Professional Collection Services, Inc., v. Pope [485 U.S. 478] 108 S.Ct. 1340 [99 L.Ed.2d 565] (1988). This is a new procedure which requires specificity in the relevant factual allegations of any petition based upon the concepts discussed in that case. If the creditor had knowledge of the administration proceedings, but too late in the period to accomplish the filing of the claim, such allegation specifically describing those facts meets the requirements of this rule. Furthermore, it does not appear that inadvertence or surprise in Fla.R.Civ.P. 1.540(b)(1) or matters relating to judgments in (4) and (5) of that rule have application in this context.
In re Rules of Probate and Guardianship Procedure, 537 So.2d at 550.

. We recognize the dissent’s assertion that “[t]he trial court found that appellee did not know the critical dates of the nonclaim period.” What the trial court actually found was that "there [was] absolutely no proof that the creditor had actual knowledge of the date when valid claims would no longer be permitted to be filed.” The obvious deficiency of this finding is that it fails to address whether there is affirmative proof of what the appellee knew, as is required by Rule 5.495. We have carefully reviewed the entire record in this case and have found no evidence presented by the appellee creditor nor, for that matter, anything else in the record which would indicate that the appellee lacked actual knowledge of all information necessary for it to have filed a timely claim.

. The dissenting judge contends that “actual knowledge" does not satisfy the “actual notice” requirements of Pope, and she indicates that she is "concerned that the majority implicitly equates [the terms].” We recognize that there is a difference between the two terms. Nevertheless, our personal views of whether the "actual notice” discussed in Pope can be satisfied by the "actual knowledge" referred to in Rule 5.495 are irrelevant to the resolution of this case. This is so because a supreme court rule addresses the question and plainly provides that a creditor must establish absence of actual knowledge in order to be entitled to file his Pope claim. We are required to follow the plain language of the rule. State v. Battle, 302 So.2d 782 (Fla. 3d DCA 1974); State v. Lott, 286 So.2d 565 (FIa.1973), cert. denied 417 U.S. 913, 94 S.Ct. 2613, 41 L.Ed.2d 217 (1974); and Kinsey v. State, 179 So.2d 108 (Fla. 1st DCA 1965).