631 So.2d 321 (1994)
In re ESTATE OF Herbert John GLEASON a/k/a Jackie Gleason, Deceased.
Kenneth E. RAINE, as Trustee of the Television Trust Agreement, Appellant,
v.
Marilyn GLEASON, formerly Personal Representative of the Estate of Herbert John Gleason, a/k/a Jackie Gleason, Appellee.
No. 93-0253.
District Court of Appeal of Florida, Fourth District.
January 26, 1994.
*322 John T. Mulhall, III, Rutherford, Minerley & Mulhall, P.A., Boca Raton, for appellant.
John Campbell, Lucinda A. Hofmann and Daniel S. Pearson, Holland & Knight, Miami, for appellee.
KLEIN, Judge.
The appellant (claimant) appeals an order denying his motion to reopen Jackie Gleason's estate so he could pursue a claim based upon ongoing six-year-old litigation against Gleason in the state of New York. He argues that his failure to file a claim against the estate in Florida is no bar because he was not given actual notice of the time in which to file claims and was thus deprived of due process under Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). We affirm.
In April 1986 claimant sued Jackie Gleason in New York alleging breach of an agreement regarding the television rights to The Honeymooners series. Gleason died a resident of Florida in June 1987 and Florida letters of administration were issued within 30 days. Although the record is not clear as to exactly how and when claimant became aware that Gleason's estate was being probated in Florida, the record does contain a September 1989 order of the New York court denying claimant's motion to substitute Gleason's personal representative without prejudice because the motion lacked sufficient documentation. In February 1990 claimant filed a second motion for substitution, which attached a copy of the letters of administration. The letters were dated July 7, 1987, and were stamped, "This estate must be closed within 12 months." Claimant did not file a claim in the estate.
In November 1990 the Florida probate court discharged the personal representative and the estate was closed. During all of this time the litigation was continuing in the New York courts.
In March 1992 the claimant filed a petition to reopen the Florida estate so he could pursue his claim. The trial court dismissed the petition with prejudice, and claimant brought this appeal.[1]
Section 733.702(1), Florida Statutes (1987), which was applicable at the time, required claims against a decedent's estate to be filed within three months from the first publication of the notice of administration. Notice by publication was all that was required. Section 733.212, Fla. Stat. (1987).
Subsequently the Supreme Court held, in Tulsa Professional Collection Services Inc. v. Pope, 485 U.S. 478, 491, 108 S.Ct. 1340, 1348, 99 L.Ed.2d 565 (1988), that where the identity of a creditor is known to the estate, the due process clause of the Fourteenth Amendment requires notice by mail or such other means as will give actual notice of the non-claim period. In response to Pope, Florida's rules and statutes were revised to comply with the due process requirements of Pope. See In re Rules of Probate and Guardianship Procedure, 537 So.2d 500 (Fla. 1988), and In re Estate of Hill, 582 So.2d 701 (Fla. 1st DCA 1991).
Appellant argues that since he was a known creditor, having been involved in litigation against the decedent at the time of death, Pope requires actual notice that his claim against the estate had to be filed within three months from the first publication of the notice of administration. It is undisputed that appellant was not given actual notice of the three month period to file a claim, presumably because our statute did not then *323 require it and Pope had not yet been decided. We conclude, however, that it was not the expiration of Florida's three month non-claim period which bars this claim, but rather claimant's failure to do anything in the Florida estate until 14 months after it was closed.
Although claimant was not notified at the time notice of administration was published that he had three months in which to file a claim, Florida Probate Rule 5.495, effective January 1, 1989 (promulgated in response to Pope), provided for extension of the time in which to file a claim for a creditor who was known to the personal representative but was not served with a copy of the notice of administration. Although rule 5.495 did not become effective until 1989, and Gleason died in 1987, the claimant could have availed himself of this rule by filing a claim against the estate after the rule went into effect. In re Estate of Hill, 582 So.2d 701 (Fla. 1st DCA 1991) (the operative event making this rule applicable is the pleading asserting the creditor's claim, thus allowing a creditor to proceed under this rule even though the death occurred and the notice of administration was published prior to the rule becoming effective).
If claimant's counsel in the New York litigation was not aware of Jackie Gleason's death at the time it occurred in June 1987, as most everyone else in this country was, the record shows that he knew it at least by September 1989. In February 1990 he filed the Florida letters of administration issued in July 1987 (stating that the estate had to be closed within twelve months) in New York. Since non-claim statutes are almost universally a part of state probate laws and states have a legitimate interest in expediting the settlement of estates, Pope, 485 U.S. at 479, 108 S.Ct. at 1341, claimant's New York counsel could hardly have been unaware that something should have been done in Florida.
The Court reiterated in Pope what it said in Mullane v. Central Hanover Bank, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), which was that "whether a particular method of notice is reasonable depends on the particular circumstances."
We are not persuaded that the Pope court would have been sympathetic to this claimant. First the Pope court was not being asked to reopen an estate which had been closed for 14 months. Second the Pope claimant was a creditor who had no notice of the death and was merely seeking to file beyond a two month non-claim period, while this claimant was litigating against Gleason at the time of Gleason's death, was represented by counsel who knew the estate was being probated in Florida, and took no action until 14 months after the estate was closed.
Although section 733.903, Florida Statutes (1987), authorizes reopening estates "if other property of the estate is discovered or if it becomes necessary that further administration of the estate be had for any cause", claimant has cited no authority to persuade us that this estate should be reopened under these circumstances. Since even discovery of a later will does not constitute grounds for reopening an estate, In re Estate of Killinger, 448 So.2d 1187 (Fla. 2d DCA 1984), we conclude that the trial judge did not err in refusing to disturb the finality which should accompany the closing of this estate, which had been in probate for over three years.
Affirmed.
DELL, C.J., and GROSS, ROBERT M., Associate Judge, concur.
NOTES
[1] Claimant first argues that the trial court should not have granted the motion to dismiss the petition for further administration of the estate because the trial court could not have concluded from the four corners of the petition that it should be denied. Claimant cites no authority for this proposition other than cases holding that the court must limit itself to reviewing the allegations of a complaint in determining the sufficiency of a motion to dismiss. There is a difference between determining whether a complaint states a cause of action and whether an estate should be reopened. We see no reason why a court cannot review the record of a closed estate when deciding whether the allegations of a petition to reopen an estate warrant further proceedings. Everything on which the court relied here was in the record.