645 So.2d 45 (1994)
AMERICAN & FOREIGN INSURANCE COMPANY, Appellant,
v.
Gertrude DIMSON, Norman Dimson, Barry Dimson and Barbara Kreiger, as personal representatives of the Estate of Irving Dimson, Appellees.
No. 93-1494.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
Rehearing and Rehearing Denied December 8, 1994.
*46 Shelley H. Leinicke and Ila J. Klion of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellant.
Abraham M. Mora and Suzanne W. Schwartz of Blank, Rome, Comisky & McCauley, West Palm Beach, for appellees.
Rehearing and Rehearing En Banc Denied December 8, 1994.
PARIENTE, Judge.
Appellant, American & Foreign Insurance Company (plaintiff), appeals an order striking its claim against Irving Dimson's estate as untimely. Plaintiff asserts that the notice of administration sent to it by the personal representative of the estate was improper and insufficient because the notice should have been sent to the attorney representing it in pending litigation against the decedent. We find that the personal representative of the estate properly served plaintiff with actual notice of administration as provided in section 731.301, Florida Statutes (1993), by sending notice by certified mail to plaintiff's corporate headquarters. The personal representative was not required to serve plaintiff's attorney because the attorney had neither appeared in the probate proceeding nor had plaintiff requested that notice be sent to its attorney. We therefore affirm the decision of the probate court disallowing plaintiff's untimely filed claim.
In 1990, plaintiff insurance company brought a cause of action in New York against Carlyle Construction Corporation (Carlyle Construction) and Irving Dimson (Dimson), seeking reimbursement of over $500,000 in workers' compensation benefits paid by plaintiff. Dimson was a resident of Florida and a principal in Carlyle Construction as well as multiple other businesses. Upon Dimson's death on March 5, 1992, the defense attorney representing Carlyle Construction and Dimson in the New York litigation notified the attorney representing plaintiff in the New York litigation of Dimson's death. The attorneys initially agreed to postpone substitution of parties to discuss settlement possibilities. However, on September 3, 1992, plaintiff's attorney wrote to the defense attorney requesting the "appropriate substitution papers." Apparently he did not receive a response, but three months later received a pleading, filed by the defense attorney, which raised plaintiff's failure to timely file a claim with the estate as an affirmative defense.
Meanwhile, the administration of Dimson's estate took place in Florida. The Florida attorney for the personal representative, on September 24, 1992, sent formal notice of administration to plaintiff's corporate headquarters in North Carolina. The personal representative's attorney denied knowledge *47 of the specific, pending New York litigation. Although an authorized representative of plaintiff signed the certified mail receipt, plaintiff did not timely file its claim against the estate. Under section 733.702(1), Florida Statutes (1993), no claim or demand against a decedent's estate is binding on the estate unless notice is filed within the later of three months of the first publication of the notice of administration or, as to any creditor required to be served with notice, thirty days after the date of service of notice on the creditor. Here, plaintiff failed to file a claim within thirty days after service of notice as required by Florida law and, in fact, did not file a statement of claim until almost six months later.
A creditor's claim must be filed with the court administering the estate even when an action is pending against the decedent and personal jurisdiction has been acquired over the personal representative. Roberts v. Jassy, 436 So.2d 394 (Fla.2d DCA 1983); see also Spohr v. Berryman, 589 So.2d 225 (Fla. 1991); In re Estate of Danese, 601 So.2d 570 (Fla. 1st DCA 1992). Filing a claim with the estate is a process separate from the procedures for substitution of parties in the pending litigation which is governed by the civil procedural rules. See Fla.R.Civ.P. 1.260(a).
Under section 733.212(4)(a), Florida Statutes (1993), a personal representative is required to serve creditors with a copy of the notice of administration. The form of service is not specified in that section. This statute and Florida's probate rules were amended to comply with the Supreme Court's pronouncement in Tulsa Professional Collection Servs., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); see In re Rules of Probate and Guardianship Procedure, 537 So.2d 500 (Fla. 1988); In re Estate of Gleason, 631 So.2d 321 (Fla. 4th DCA 1994); In re Estate of Hill, 582 So.2d 701 (Fla. 1st DCA 1991). Pope holds that if a party's identity as a creditor is known or reasonably ascertainable, due process requires the personal representative to give notice by any means that is certain to ensure actual notice of the running of the nonclaim period. 485 U.S. at 491, 108 S.Ct. at 1348, 99 L.Ed.2d at 579. The committee notes to rule 5.240 of the Florida Probate Code provide that, "[t]he obligation to mail notice of administration to all known or reasonably ascertainable creditors" was added to comply with the dictates of Pope.
In this case, the estate chose to give plaintiff, as a creditor, formal notice of administration of the estate, although it could have given informal notice. Florida Probate Rule 5.040(d) provides the estate with the option to give formal notice, even when informal notice is permitted: "[f]ormal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise."
Regarding the statutory provisions for service of formal notice, section 731.301(1)(a) provides that the estate shall serve a copy of the "petition to any interested person or his attorney, if he has appeared by attorney or requested that notice be sent to his attorney."[1] Plaintiff interprets this section as requiring notice to have been sent to its attorney in the ongoing New York litigation. However, we interpret this provision in its statutory context as reasonably referring to an attorney who has appeared in the probate litigation. In this case, plaintiff's attorney did not appear in the probate proceeding and there was no request made that notice be sent to the attorney. Courts in other jurisdictions have held there must be something in the probate record showing that the attorney represents the creditor in the probate proceeding before notice is required to be sent to the attorney. See Merrill v. Finberg, 4 Cal. App. 4th 1443, 6 Cal. Rptr.2d 434 (1992); Grasser v. Blakkolb, 12 Wash. App. 529, 530 P.2d 684, rev. denied, 85 Wash.2d 1005 (Wash. 1975); Souter v. Carnes, 229 Ga. 220, 190 S.E.2d 69 (1972).[2]
*48 Alternatively, plaintiff urges us to interpret Florida Probate Rule 5.240(a) as mandating that service in this case should have been by informal notice because that rule provides that "[s]ervice upon creditors shall be in the manner provided for informal notice." However, rule 5.240(a) must read in pari materia with rule 5.040(d), which gives the estate the option of formal or informal notice.
Even if informal notice should have been sent, this still would not have required the estate to send notice of administration to plaintiff's litigation attorney. Rule 5.041(b) discusses the procedure for informal notice and requires that service be made on the attorney, where the interested person is represented by an attorney. We do not construe the procedural rules as requiring that informal notice be sent to the creditor's litigation attorney, where such attorney has not filed a notice of appearance in the probate proceeding. We discern the major difference between formal and informal notice in probate proceedings to relate only to the type of mail service utilized in sending the notice. With informal notice, service is by regular mail, rule 5.041(b); with formal notice, service is by certified mail, return receipt required, rule 5.040(a)(3)(A).
In addition to arguing that notice was improperly sent, plaintiff also argues that it was entitled to an extension to file its claim against the estate. Under section 733.702(3), Florida Statutes (1993), the only grounds constituting exceptions to late filing are fraud, estoppel or insufficient notice. Concerning insufficient notice, the estate sent timely notice to plaintiff's corporate headquarters, which plaintiff acknowledges that its agent received. Apparently, through its own clerical oversight, the notice was not properly directed. Moreover, within three months after the service of the notice of administration, the defense attorney in the New York litigation filed an affirmative pleading stating that plaintiff failed to file a timely claim in the probate proceeding in Florida. There was no response from plaintiff for an additional three months. All of the foregoing facts do not demonstrate insufficient notice and, in fact, support actual notice.
Plaintiff also asserts estoppel as a basis for excusing its late filing of the claim. However, for estoppel to be applied, there must be some affirmative deception shown. See Rinker Materials Corp. v. Palmer First Nat'l Bank and Trust Co. of Sarasota, 361 So.2d 156 (Fla. 1978); In re Estate of Peterson, 433 So.2d 1358 (Fla. 4th DCA 1983). Correspondence concerning the substitution of the estate in the New York litigation does not constitute estoppel on the part of the estate so as to excuse the failure to file a timely claim. See Lasater v. Leathers, 475 So.2d 1329 (Fla. 5th DCA 1985). Even though plaintiff's New York attorney was apparently unaware of the time requirements of Florida's probate law, at no time did any attorney representing the estate affirmatively mislead plaintiff.
Consequently, we conclude that the trial court did not err in striking the claim filed in the estate action as untimely.
AFFIRMED.
KLEIN, J., and GROSS, ROBERT M., Associate Judge, concur.
NOTES
[1] Section 731.301(1)(a)1. prescribes service by any form of mail "requiring a signed receipt;" section 731.301(1)(a)1.a. specifies service on "his attorney of record, if any, or to the post office address given in his demand for notice;" and section 731.301(1)(a)1.d. specifies service on a corporation be to "its last known address."
[2] While we can see a great deal of logic in the suggestion that the preferable method for ensuring effective notice to the creditor in the case of separate, ongoing litigation is for the estate's attorney to also send notice to that attorney, this presumes that the personal representative's attorney is aware of the identity of the litigation attorney. While in most cases this might be a reasonable requirement, in the remaining cases this could potentially place an onerous burden on the estate. Any changes to the present procedure should be by rule change or otherwise made by the legislature.