POLEN, Judge.
Humana Medical Plan, Inc. (Humana) appeals from two orders of the trial court, striking its claim against the estate of Sonja Durant as untimely and denying Humana’s motion to file a late claim. We reverse.
On June 8, 1993, Humana filed its statement of claim against the estate of Durant, for reimbursement of medical expenses in the amount of $269,434.35, paid by Humana on behalf of Durant. These medical expenses arose out of injuries sustained by Durant in an automobile accident on January 23, 1990, with an employee of the city of Hollywood. Sonja was rendered comatose as a result of this accident, a condition which continued until her death on May 5, 1991. However, as a result of a motion filed by the estate, contending that the time for Humana to file a claim expired on November 28,1991, the trial court struck Humana’s claim against the estate as untimely and denied Humana’s motion for extension of time to file a late claim. This was error.
Humana should not be penalized for failing to file its claim against the estate in a timely fashion, as it was the estate that ultimately conceded that it never served Huma-na with a notice of administration, an essential due process requirement. Section 733.212(4)(a), Florida Statutes (1993), provides:
The personal representative shall promptly make' a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable and shall serve on those creditors a copy of the notice....
See also Tulsa Professional Collection Service, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (where a creditor’s identity is known or readily ascertainable, the due process clause of the fourteenth amendment requires that the creditor be given notice of the probate proceedings by mail or other means that will insure actual notice).
We are not persuaded that this court’s opinion in In re Estate of Gleason, 631 So.2d 321 (Fla. 4th DCA 1994), would excuse the lack of notice at bar. In Gleason, this court held, inter alia, that the claimant’s failure to take action to file a claim until the estate had been closed for fourteen months precluded relief, even though the claimant was not given notice of the nonclaim period. Id. at 323.
Unlike Gleason, the claim against Sonja’s estate was filed before the estate was closed. This case is also distinguishable from Gleason in that at the time the estate was being probated in Gleason there was no actual notice requirement in the Florida Probate Code. Conversely there was such a notice requirement when Sonja’s estate was being probated. Further, what is particularly troubling in the instant matter is that until the estate filed its notice of withdrawal of argument A in its answer brief in this court, it persistently maintained that Humana had been served with a notice of administration. Although the estate has finally conceded this factual misstatement, it has ironically still maintained that Humana’s action in failing to timely file its claim cannot be excused. We disagree with the estate’s reasoning in that regard. A final distinction from Gleason is that in Gleason, there was no estoppel claim *203 raised to justify the filing of the late claim, as there was here. We agree with Humana’s argument that the trial court should at least have held an evidentiary hearing to determine the validity of Humana’s estoppel claim. See Campbell v. Estate of Schleusener, 504 So.2d 417 (Fla. 4th DCA 1987) (holding that an evidentiary hearing should have been held where the creditor’s rationale for a late filing hinged on the question of fraud and estoppel); Harbour House Properties v. Estate of Stone, 443 So.2d 136 (Fla. 3d DCA 1983) (landlord was entitled to evidentiary hearing to determine whether the acts, representations and conduct of the personal representative and his agent had lulled the landlord into a false sense of security concerning the need for the presentation of a claim against the estate). Humana should have been afforded an opportunity to establish reasons for its untimeliness, specifically whether the assurances of the estate’s attorneys that it would satisfy Humana’s lien established a case of estoppel. Thus, as Humana never received actual notice of administration, nor was afforded an evidentiary hearing to determine the validity of its estoppel claim, we reverse both the trial court’s order striking Huma-na’s claim as untimely and denying its leave to file a late claim.
We also note that in case numbers 93-00496 and 93-01359, Humana appealed the denial of its pre-trial and post-trial motions to intervene in the estate’s wrongful death action against the city of Hollywood. The resolution of this appeal is addressed in a separate opinion.
STONE, J., and DONNER, AMY STEELE, Associate Judge, concur.