694 So.2d 769 (1997)
U.S. TRUST COMPANY OF FLORIDA SAVINGS BANK, as Personal Representative of the Estate of Rudolph J. Leitgeb, Appellant,
v.
General and Mrs. Alexander M. HAIG, Jr., Appellees.
No. 96-1670.
District Court of Appeal of Florida, Fourth District.
April 16, 1997.
Rehearing and Certification Denied June 12, 1997.
*770 Peter Matwiczyk of Heinrich Gordon Hargrove Weihe & James, P.A., Palm Beach, for appellant.
Robert M. Weinberger of Cohen, Chernay, Norris, Weinberger & Harris, North Palm Beach, for appellees.
STONE, Judge.
We reverse an order granting a motion to extend time for filing a claim against an estate.
Appellees purchased a residence from the decedent. The decedent received a purchase money mortgage on the residence, and also executed a five-year guaranty in favor of Appellees. The guaranty provided that a portion of the house would be free from leaks and cracks caused by structural defects. In the event a defect appeared within the guaranty period, the decedent would repair it or Appellees would be entitled to a set-off against the mortgage. The guaranty set forth a procedure for making claims under the agreement.
The decedent died and letters of administration were issued to Appellant. A notice of administration was published and the claims period expired on February 8, 1995.
The personal representative, who possessed copies of the mortgage and guaranty, wrote Appellees a letter dated January 30, 1995, to verify the existence of the note as an estate asset. At the same time, Appellees, unaware of his death, attempted to reach the decedent by mail. They sent the letter to the decedent's former place of employment, despite a requirement that any notice be mailed to his home address. The decedent had not been at the former place of employment for several years.
The personal representative did not receive Appellees' letter until February 16, eight days after the period for filing claims against the estate had expired. The trial court granted Appellees' petition to extend time to file a claim against the estate. The court reasoned that Appellees were reasonably ascertainable creditors who should have received actual notice of the filing of the decedent's estate.
All claims against an estate, whether due or not, and whether direct or contingent, must be filed in a probate proceeding within ninety days after the first publication of notice of administration. § 733.702(1), Fla. Stat. (1995). The court can extend this time only upon a showing of fraud, estoppel, or insufficient notice of the claims period. § 733.702(3); American & Foreign Ins. Co. v. Dimson, 645 So.2d 45 (Fla. 4th DCA 1994).
Appellees contend that they received insufficient notice of the claims period because they were not personally served with notice of the administration of the decedent's estate. Section 733.212(4)(a), Florida Statutes, provides that a personal representative is required to "promptly make a diligent search to determine the names and addresses of *771 creditors of the decedent who are reasonably ascertainable and shall serve on those creditors a copy of the notice within three months after the first publication of the notice." This statute and Florida's probate rules were amended to comply with Supreme Court's ruling in Tulsa Prof'l Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). See In re Rules of Probate and Guardianship Procedure, 537 So.2d 500 (Fla.1988); In re Estate of Gleason, 631 So.2d 321 (Fla. 4th DCA 1994); In re Estate of Hill, 582 So.2d 701 (Fla. 1st DCA 1991).
Pope holds that if a party's identity as a creditor is known or reasonably ascertainable, due process requires the personal representative to give notice by any means that is certain to ensure actual notice of the running of the non-claim period. Pope, 485 U.S. at 491, 108 S.Ct. at 1348; American & Foreign Ins. Co. v. Dimson, 645 So.2d 45 (Fla. 4th DCA 1994)(en banc). See also In re Estate of Puzzo, 637 So.2d 26 (Fla. 4th DCA 1994).
However, actual notice is only owed to ascertainable creditors. Such notice is not due to contingent or conjectural claimants. Because we find that Appellees were contingent claimants, they were not entitled to actual notice. The Florida Supreme Court, in recognizing that "the law universally favors promptness in closing estates," has defined contingent claims in the following way:
`A contingent claim is one where the liability depends upon some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability. Nonclaim statutes have been applied to claims arising from a breach of covenant in a deed; to guaranty, suretyship and endorsement contracts; obligations contained in a lease; breach of contract to convey land; * * *.'
Fowler v. Hartridge, 156 Fla. 585, 24 So.2d 306, 309 (1945), (emphasis added) (citations omitted), quoting American Sur. Co. of N.Y. v. Murphy, 151 Fla. 151, 9 So.2d 355, 357 (1942). See also Spohr v. Berryman, 589 So.2d 225 (Fla.1991); Jones v. Sun Bank/Miami, N.A., 609 So.2d 98 (Fla. 3d DCA 1992); In re Klotz Estate, 394 So.2d 509 (Fla. 5th DCA 1981); In re Shaw's Estate, 340 So.2d 491 (Fla. 3d DCA 1976).
The Supreme Court, recognizing the burden which actual notice places on estate administration, stated:
Nor do we consider it unreasonable for the State to dispense with more certain notice to those beneficiaries whose interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge of the common trustee. We recognize the practical difficulties and costs that would be attendant on frequent investigations into the status of great numbers of beneficiaries, many of whose interests in the common fund are so remote as to be ephemeral; and we have no doubt that such impracticable and extended searches are not required in the name of due process.
Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 317, 70 S.Ct. 652, 658-59, 94 L.Ed. 865 (1950). See also Pope, 485 U.S. at 490, 108 S.Ct. at 1347-48 ("it is reasonable to dispense with actual notice to those with mere conjectural claims.")
Appellees' claim must be contingent because in order for a cause of action to accrue under the guaranty agreement, Appellees would have to prove that there was a defect that was covered under the guaranty. We note that even if it could be determined that the alleged defects are covered under the guaranty, the amount of the potential claim has yet to be quantified.
Because Appellees' claim was contingent, they were not entitled to actual notice of the claims period, and must have filed their claim within 90 days after publication notice. Since the claim was not filed in a timely manner, the trial court was without discretion to grant Appellees' motion for an extension of the claims period. Florida Statute § 733.702(3) states that:
Any claim not timely filed as provided in this section is barred ... unless the court extends the time in which the claim may be filed. Such an extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period.
*772 This court recently recognized that this section was a "statute of nonclaim" rather than merely a "statute of limitation," and as such operated as an automatic bar to untimely claims. See Comerica Bank & Trust v. SDI Operating Partners, 673 So.2d 163 (Fla. 4th DCA 1996).
Notwithstanding the foregoing, we recognize that the guaranty may give Appellees a right to set-off the amount of the unpaid claims against the amount owing on the mortgage. The issues before this court do not involve, nor have the parties addressed, set-off or counterclaim rights Appellees may retain with respect to the mortgage and this opinion should not be construed as addressing such.
WARNER and POLEN, JJ., concur.